ROBERTS, Assignee, v. CORBIN & Co.

28  355
125   39

**Appeal:** TO SUPREME COURT: EFFECT OF ORDER OF REVERSAL. Where a judgment of the District Court, rendered upon a special finding of facts by that court, is appealed to the Supreme Court, and there reversed, on the single ground that the law, as applied to the facts as thus found, is with the appellant, and the cause remanded, with direction to the District Court that further proceedings be had therein, not inconsistent with the opinion of the Supreme Court, the appellant is entitled to judgment thereon in the District Court, and no new trial can be had.

*Appeal from General Term, Ninth District (Dubuque County).*

WEDNESDAY, DECEMBER 22.

THIS case was before this court at the December Term, 1868 (26 Iowa, 315). By reference to the statement therein, it will be seen that the District Court "found the facts" and, thereon, that the law was with plaintiff, and rendered judgment accordingly. In this court, without interfering with the facts as thus found, we determined, therefrom that the law was with defendants; that the money in controversy should be paid to the intervenors, (defendants), and accordingly reversed the judgment. A procedendo issued in the usual form, commanding "that further proceedings be had in said District Court, not inconsistent with the opinion of the Supreme Court, * * * and in the same manner as if no judgment had been rendered or appeal taken," etc.

In due and proper time the intervenors moved for judgment in their favor, in the District Court, upon the facts as thus found, and in accordance with what was claimed to be the order of this court. Plaintiff resisted this motion, and demanded a new trial by jury, claiming that the cause stood as if there had been no former trial.

This being overruled, he asked, for the same reasons, a trial by the court, and this was refused. A new trial was then moved, because of certain errors which, it was claimed, intervened to plaintiff's predjudice on the former hearing (July, 1868). This, too, was overruled, and the court thereupon sustained defendants' motion, and rendered judgment for the intervenors.

This was in July, 1869, and said order, being affirmed by the General Term, plaintiff appeals to this court.

*Roberts, Fouke & Burt* for the appellant.

*Shiras, Van Duzee & Henderson* for the appellee.

WRIGHT, J.—In June last the intervenors moved this court for judgment upon the facts found. The motion was overruled, for the reason that the application came too late. The case was left, however, "just where the record placed it," in the District Court, the parties being at liberty to take such steps there as might be deemed proper (26 Iowa, 329). It seems that they did there invoke the action of the court, and it is of this action that plaintiff now complains.

The very question to be determined is this: The court below having given its decision in writing, by the request of the parties, stating the facts found and the legal conclusions thereon, and entered the same on the record (Rev. § 3088), and this court having reversed this judgment, not upon the testimony, but holding, upon the facts thus found, that the law was with defendants instead of plaintiff, what, under such circumstances, were the rights of the parties? Our answer is, that defendants are entitled to judgment as ordered by the court, and that the motions of plaintiff were, hence, properly overruled.

It will be observed that no question was made on the trial (for there was but one trial), as to the adm'ss'bility

of testimony. There were no instructions ; no complaint as to the correctness of the facts found ; but the single inquiry was, whether, upon those found, the law was with one party or the other. The order of reversal did not therefore imply a rehearing of the case ; for the error pointed out, and upon which the reversal was ordered, occurred in the final judgment, and there alone. There was no trial by jury, nor a general finding by the court below, but a special finding of facts. If this court had been appealed to in time, we could properly have entered judgment upon these facts and the law, as settled in the opinion filed. For the power is given to us to render such judgment or order as the court below should have done. Rev. § 3536. And instead of doing this, it was equally competent to remand the case, for proceedings not " inconsistent with the opinion," and as though " no judgment had been rendered or appeal taken." So, too, if the District Court, before the former appeal, had sustained defendants' motion for a new trial, and judgment, upon the facts found, in their favor (and such a motion was made), and the same had been sustained, viewing the law as announced by this court on the appeal, we say, in such a case, no new trial would have taken place, but judgment would at once have been entered for defendants instead of plaintiff. And the same course is to be pursued when the order is made by this court as in the case before us.

It is not as though, reviewing all the testimony in a case, we conclude that a general verdict should be set aside. For then the party is entitled to a *retrial* of the questions *of fact*. It is rather as though there was a *special verdict by* a jury, and the single question was, whether, upon these facts (not controverted nor doubted), the law was for plaintiff or defendant. In the one case, the questions of fact and law are so intermixed, that upon

no rule or principle applicable to an appellate tribunal could the party well be deprived of a second trial. In the latter, the facts are settled; there is no claim that they shall be re-investigated, and nothing but questions of law remain.

The law will close litigation at the earliest moment possible, consistent with the rights of the parties and its proper and orderly administration. This end is attained frequently with greater speed, and, perhaps, certainty also, by either agreeing upon the facts or having them found specially by the court or jury. When thus found or settled, and the single question raised and determined is as to the law upon these facts, the judgment announcing the law, whether in the *nisi prius* or appellate court, should conclude the parties, and never, except under the most peculiar circumstances, showing strong equities, surprise or the like, should they be allowed or put to the trouble and expense of re-investigating the case upon the evidence. It is meet that there should be an end of litigation. It was so at common law, and is even more so under our system of pleading and practice.

We need hardly say that plaintiff cannot have are view, on this appeal, of errors which he now claimed intervened in the original trial. And especially so, as he there urged no exceptions to the rulings, or, if so, he did not appeal for more than a year from the date of the original judgment. To allow him, by his motion for a new trial, based upon these alleged errors, presented after the case was remanded, to go back to the original hearing and question what took place prior to the judgment, would in effect deprive the party of the benefit contemplated and conferred by the "special finding of facts," and compel us, in an irregular and unusual manner, to investigate questions once settled, if not to the party's satisfaction, at least not so saved as to give him a standing in this

court. If any ruling was made during the progress of the trial, or conclusion of law announced and excepted to, by which plaintiff felt aggrieved, he could have appealed (as defendant did), notwithstanding the judgment in his favor, and had the same reviewed. .

But, if this could be done more than one year after judgment, so it could after two or five.

Affirmed.