## FOLSCHOW vs. WERNER.

*December 21, 1880 — January 11, 1881.*

*Exemption of pension money.*

Under section 4747, R. S. of U. S., the money received by a pensioner of the United States in payment of his pension, and remaining in his possession, cannot be seized on process against him for debt.

APPEAL from the Circuit Court for *Kewaunee* County.

In proceedings supplementary to execution instituted before a court commissioner, under R. S., sec. 3031, the defendant, the execution debtor, answered that he had in his possession $500 in money which he received from the United States in payment of a pension granted to him by the government. The commissioner made an order requiring him to pay over the money to the sheriff, to be applied on the plaintiff's judgment against him. The circuit court, on motion of defendant, vacated the commissioner's order, and the plaintiff appealed from the order of the circuit court.

For the appellant the cause was submitted on the brief of *Sedgwick & Timlin* and *R. L. Wing.* They contended, among other things, that sec. 4747, R. S. of U. S., does not apply to moneys which have been paid to a pensioner, but only exempts sums of money *due, or to become due.* It, moreover, expresses distinctly in whose hands and in what course of motion such sums shall be exempt, and the maxim, *expressio unius exclusio alterius,* clearly applies. If this statute is so construed as to make pension money exempt after it comes to the hands of the pensioner, such money must be exempt forever in his hands. The statute fixes no limitation of time, as is done in sec. 2983, R. S. of Wis. *Wooster v. Page,* 54 N. H., 125; *Edson v. Trask,* 22 Vt., 18; *Scott v. Brigham,* 27 id., 561; *Cook v. Holbrook,* 6 Allen, 572; *Kellogg v. Waite,* 12 id., 529; *Maxwell v. McGee,* 12 Cush., 137. Such a construction would also require the pen-

sioner to keep the money in his hands in the form of money always. If he loans it upon note or mortgage, or purchases with it property not exempt by the laws of the state, it is no longer protected. If he purchases with it property exempt by the laws of the state, it is then protected only because the state law happens to exempt it. Thus, the amount of possible benefit to the pensioner would depend wholly upon the exemption laws of the state in which he lived. The expression " but shall inure wholly to the benefit of such pensioner," does not evince an intention to exempt money which has been paid. It would inure to his benefit, within the meaning of this statute, if, the moment he received the money, he lost it upon the road or by an imprudent investment, or if he voluntarily threw it in the fire. More truly would it so inure if taken from him by process of law, which is ultimately his own act. It has been held that bounty money voted by towns to volunteers was exempt while in the hands of the town, but not after it had been paid over. *Morse v. Towns*, 45 N. H., 185; *Manchester v. Burns*, id., 488. See also *Wooster v. Page*, 54 N. H., 125. When paid to the pensioner, the money became wholly and in all respects his property. A law of congress which should exempt it thereafter would be unconstitutional, as an unauthorized interference with the right of a state to regulate its own domestic affairs. Congress has never enacted, and has no power to enact, any exemption law, except as to property in which it retains some interest. 2 Story on Const., secs. 1318, 1322, 1324, 1904–7; 33 Wis., 523.

For the respondent there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner:*

It is a cardinal rule, which this court has frequently recognized and affirmed,. that the exemption laws shall be liberally construed. *Krueger v. Pierce*, 37 Wis., 271; Thompson on Homest. & Ex., sec. 731; *Cox v. Wilder*, 2 Dill. C. C., 49. When the language of the statute is ambiguous, the court will adopt such construction as will best carry out the object to be

attained. Thompeon on Homest. & Ex., secs. 7, 8; 47 Ga., 631. The object of sec. 4747, R. S. of U. S., was to secure to the pensioner his pension money exempt from seizure by his creditors; and there can be no doubt of the power of congress to enact such a law. *Eckert v. McKee*, 9 Bush (Ky.), 355; *Kellogg v. Waite*, 12 Allen, 529; *Adams v. Newell*, 8 Vt., 190. The construction contended for by the appellant would make the statute only a rule to prevent annoyance of the pension officers, and wholly excludes from consideration the last clause of the section.

LYON, J. The only question presented by this appeal is: Can the money received by the defendant from the United States on account of a pension granted to him, be reached by a judgment creditor in this proceeding? In 1866, congress enacted as follows: "No sums of money due, or to become due, to any pensioner shall be liable to attachment, levy or seizure by or under any legal or equitable process whatever, whether the same remains with the pension office or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of such pensioner." U. S. R. S., sec. 4747.

The circuit judge held that this statute exempts the money from seizure under any judicial process, and hence set aside the order of the commissioner, which was founded upon the opposite view of the statute.

We are entirely satisfied that the learned circuit judge interpreted the statute correctly. The subject matter of the statute is pension money, and its purpose and object is to protect the pensioner in the personal enjoyment of the bounty of the government. The exemption is absolute in its terms. The money shall not "be liable to attachment, levy or seizure by or under any legal or equitable process whatever, . . . but shall inure wholly to the benefit of such pensioner." And

as an additional safeguard for the protection of the pensioner, and the more effectually and certainly to secure the object of the statute, the exemption was made to cover and protect the money while still in the pension office, and when in course of transmission to the pensioner. The words " due, or to become due," in the statute, were doubtless employed to render it certain that the benefit of the statutory exemption was intended for pensioners to whom pensions had already been granted, as well as for those to whom pensions should be granted after the statute was enacted.

Manifestly none of the above provisions of the statute were intended as limitations upon the right of exemption thereby conferred, but rather as extensions of it. The plain meaning of the statute is, that the specific money received by the pensioner from the government in payment of a pension granted to him cannot be reached by a creditor and applied to the payment of the debt of the pensioner by any judicial process. To sustain this construction it is not necessary to resort to the rule which prevails in this state, that exemption laws are to be liberally construed in favor of the debtor. *Krueger v. Pierce*, 37 Wis., 269.

The only cases cited in which the statute (section 4747) has been considered, are *Eckert v. McKee*, 9 Bush (Ky.), 355, and *Kellogg v. Barton*, 12 Allen, 527. The first of these cases fully sustains our views of the statute. In the latter case, although there are some expressions in the opinion opposed to our views, it was held that the statute was not applicable because the money had been paid to the agent of the pensioner before it was enacted.

The remaining cases (all from New England) cited in the brief of counsel for plaintiff, have but little bearing on the question under consideration. Moreover, it must be remembered that those cases were decided by courts which, in the construction of exemption laws, hold a strict rule against the

JANUARY TERM, 1881.          89

Wittman vs. The Milwaukee, Lake Shore & Western R'y Co.

debtor. Hence those cases afford but little aid in the construction of that class of laws by this court. *Watkins v. Blatschinski*, 40 Wis., 347.

We have no doubt of the power of congress to attach to the money donated by it the quality of non-liability to seizure for the debt of the donee. Congress has exempted from local taxation the securities of the government, held by its creditors, and no one now questions the power to do so. The power to exempt pension money from seizure for debt rests on the same principle; and if it exists in the one case, it must necessarily exist in the other.

*By the Court.*— The order of the circuit court is affirmed.

