ANDREWS & SMITH V. BURDICK & GOBLE ET AL.

1. **Practice**: CHANGE OF VENUE UPON PROCEDENDO IN CASE INVOLVING LESS THAN $100. Where a case involving less than $100 has been certified to this court for the determination of questions of law, and both parties have acquiesced in the findings of fact on which such questions are based, the determination of such questions by this court leaves nothing for the trial court to do but to enter judgment in accordance with such determination; and in such a case, unless a new trial should be granted on account of newly-discovered evidence, a change of venue on the ground of the prejudice of the trial judge should not be granted.

*Appeal from Palo Alto District Court.*

FRIDAY, OCTOBER 24.

THIS case was before the court at a former time, and the judgment of the district court was reversed. See 62 Iowa, 714. Upon the *procedendo* being filed in the district court, the plaintiff moved for judgment in accordance with the opinion of the supreme court, and the defendants moved the court to change the place of trial, on the ground that the trial judge was so prejudiced against them that they could not obtain a fair trial. The former motion was overruled, and the latter sustained. The plaintiff appeals.

*T. W. Harrison*, for appellant.

*Soper, Crawford & Carr*, for appellees.

SEEVERS, J.—By reference to the opinion on the former appeal, it will be seen that certain questions of law were certified, as to which it was said to be desirable to have the opinion of this court. These questions must have been based on facts found by the court, for it cannot be presumed the court certified for the determination of this court inmaterial questions that did not arise in the case, or which did not materially affect the rights of the parties. The statute under which questions are certified does not contemplate that it is an idle

Andrews & Smith v. Burdick & Goble et al.

form or ceremony. The presumption must be indulged, in the absence of anything appearing to the contrary, that the court found the facts, or that they otherwise appeared of record, upon which the questions of law were based. Such findings may or may not have the force and effect of a special verdict or finding of fact by the court. This will depend upon the character of the questions certified. But, when such questions are determined by this court, the law of the case involved in the questions must be regarded as having been conclusively settled, unless a rehearing is granted.

In the case at bar, it must be assumed that the court found the facts upon which the questions were based. This will appear by reference to the former opinion of this court. This is an equitable action; but, conceding that, as the amount in controversy is less than one hundred dollars, it could only be heard, on appeal to this court, on questions of law duly certified, the facts having been found by the district court, such finding must be regarded as conclusive, unless the party objecting thereto appealed therefrom, or in some other manner indicated that he was dissatisfied therewith, and thus preserved his rights. In the present case, both parties acquiesced in the finding of facts upon which we hold the questions of law certified were based. There remained, therefore, nothing to be determined on the former appeal but the law of the case. This having been determined, the plaintiff was entitled to judgment, unless the defendants made it appear, because of newly discovered evidence, that they were entitled to be again heard. *Roberts v. Corbin & Co.*, 28 Iowa, 355; *Gilmore & Smith v. Ferguson & Cassell*, Id., 422; *Adams Co. v. B. & M. R. Co.*, 55 Id., 94; *Boyce v. Wasbash R. Co.*, 63 Id., 70.

DISMISSED.