## BAUGH v. BARRETT, ADM'R.

1. **Practice on Appeal:** FORM OF PROCEDURE: OBJECTION TOO LATE. The circuit court has both probate and equity jurisdiction, and where a proceeding was begun for the allowance of a claim against an administrator, but by subsequent pleadings a question was raised as to the right to subject certain property in the hands of one of the heirs to the payment of the claim, and the parties, without objection to the form of procedure, submitted the case as thus made on an agreed statement of facts, *held* that the court had jurisdiction, in some form of procedure, to determine all questions involved, and that it was too late on appeal to object to the form of procedure.

2. **Pension Money:** EXEMPTION IN HANDS OF DONEE: DEBTS DUE DONEE'S ESTATE. Where a woman received pension money and loaned it, and took a note for security, and a few days before her death, which occurred prior to the taking effect of chapter 23, Laws of 1884, exempting pension money from execution, she assigned the note as a gift to her daughter, *held* that, in the absence of other assets, the note was liable in the daughter's hands to the payment of the claims against her mother's estate.

*Appeal from Marion Circuit Court.*

TUESDAY, OCTOBER 12.

PLAINTIFF filed a claim against the estate of Mary Z. Swallow, deceased of which defendant is administrator. Defendant answered, alleging that he had no assets of the estate in his hands with which to pay said claim. He also alleged that the intestate, during her life-time, had received certain moneys from the government of the United States, which had been granted as a pension, on account of disabilities contracted by her husband while in the military service of the government, which she gave to her daughter. But he alleged that said moneys were exempt from seizure for the satisfaction of plaintiff's claim. Plaintiff then filed a pleading, which is denominated an amendment to his claim, in which he alleged that the moneys bestowed by the intestate

on her daughter were given by way of gift a few days before her death; that said moneys belonged to the intestate in her own right, and were subject to seizure for the satisfaction of her debts, and that the gift was in fraud of the rights of her creditors; and he prayed that defendant, who is also the guardian of the daughter, she being a minor, be made a party defendant in that capacity, and that said moneys be subjected to the payment of his claim. Defendant, in his capacity both of administrator and guardian, answered the pleading; and the cause was submitted to the court on an agreed statement of facts, and the court entered judgment establishing the claim, and subjecting the moneys to its payment, and from that judgment defendant appealed.

*Stone, Ayers & Gamble*, for appellant.

*M. H. Baugh*, for appellee.

REED, J.—The agreed statement on which the cause was submitted established the following facts: That the money in question was granted by the government of the United States as a pension, and was received by the intestate from the government after the death of her husband, on account of whose disability it was granted. She loaned the money to O, B. Ayers, and took his note for the amount. A few days before her death she assigned said note to her daughter, who was a minor and defendant's ward, and delivered it to a third party for her use and benefit. She died on the fifth of March, 1884, and on the eleventh of the same month defendant was appointed administrator of her estate, and soon after that was also appointed guardian of said minor, and in that capacity he received said note, and retains possession of it. Plaintiff's claim is for an indebtedness contracted by the intestate after she received the money from the government, but before the gift to the daughter, and it was filed in the circuit court on the twenty-sixth of March, 1884; and unless said note can be subjected to its payment there are no assets of the estate out of which it can be satisfied.

I. The first position urged by counsel for appellant is that the circuit court had no power, in a single proceeding, to grant the measure of relief given by the judgment in question. It is insisted that, as the proceeding for the allowance of claims against estates is a matter solely within the jurisdiction of the probate court, while that to subject property which has been conveyed in fraud of the rights of the creditors of the grantor to the satisfaction of his debts is one of which courts of equity alone have jurisdiction, they cannot be joined in the same action, or relief of both characters be administered in one judgment. If this question had been raised by proper proceedings in the circuit court, there is probably no doubt that defendant would have been entitled to a severance of the causes, and to have each tried by appropriate proceedings; but, as appellant made no such question in the lower court, we are of the opinion that he cannot be permitted to urge it here. The question relates merely to the form of procedure. The parties were before a tribunal which had power, in some form of proceedings, to grant the full measure of relief demanded. The circuit court, while it has exclusive jurisdiction of probate matters, also has general equity powers. Code, §§ 162, 2312. The parties, in effect, consented to waive all forms, and submit the questions of difference between them for determination on their agreements as to the facts. We think it was competent for them to do this under the provisions of the statutes for the submission of controversies upon agreed statements of fact. Chapter 10, title 20, Code.

II. It is not claimed by appellant that the gift by the intestate to her daughter is valid as against her creditors, if the property in her hands was subject to seizure on judicial process for the satisfaction of her debts; but his contention is that, as the money was paid to her as a pension, it is exempt from such seizure. It was held by this court in *Webb v. Holt*, 57 Iowa, 712, and *Triplett v. Graham*, 58 Id., 135, that the federal statute (section 4747, Rev. St. U. S.)

did not have the effect to exempt pension money, after it came into the hands of the pensioner, from seizure for the satisfaction of his debts. When those decisions were made there was no statute of this state exempting pension money. Chapter 23 of the acts of the Twentieth General Assembly was subsequently enacted. This statute exempts moneys so received while in the possession of the pensioner, or while deposited, loaned or invested by him. It also exempts to the pensioner the homestead purchased with such money; and it is contended that the money in question is exempt under the provisions of this act. It is apparent, however, that the act was intended solely for the advantage of the pensioner. It exempts the money or property from seizure for the satisfaction of his debts, and he is the person intended to be benefited by it. As stated above, the intestate died on the fifth of March, 1884, while the act did not take effect until the twenty-eighth of that month. It is clear that its provisions can in no manner affect the money or property which was held by pensioners who had died before the enactment of the statute. The intention to exempt such money is not expressed in the statute, nor can it be inferred from any of its provisions. The question whether it is exempt must be determined by the law in force when the pensioner died, and in the present case it was not exempted by any law then in force.

AFFIRMED.