'SMITH & Co.; Appellees, v. JAMES A. HILL, Appellant.

1. **Practice in Supreme Court**: ASSIGNMENT OF ERRORS: RECORD: WAIVER. An objection to the record in a cause in the supreme court, upon the ground that no assignment of errors has been made and filed by the appellant, will be deemed waived where the objection is not raised until after the cause has been fully argued, and then without notice to the appellant, and a cause will not be dismissed for such reason by the court on its own motion, where the record contains but a single question for determination.

2. **Property Exempt from Execution**: INVESTMENT OF PENSION MONEY: SUBSEQUENT EXCHANGE OF PROPERTY. Where property purchased wholly with pension money was exchanged by the pensioner for other property of greater value, but without the investment of any additional sum of money, *held*, that the property so received was not subject to execution to the extent of its excess in value over the property given in exchange.

*Appeal from Hamilton District Court.*—HON. JOHN L. STEVENS, Judge.

MONDAY, OCTOBER 26, 1891.

ACTION upon an account for thirty-five dollars. The suit was commenced before a justice of the peace. The plaintiffs procured an attachment to issue, which was levied upon a horse owned by the defendant. The defendant answered, admitting the account, but claimed that the property seized in attachment was exempt because it was purchased with pension money paid to the defendant for services rendered and injuries received while a soldier in the War of the Rebellion. There was a trial of this question before the justice of the peace, and the attached property was ordered to be released. An appeal was taken, and it was held by the district court that the property was not exempt. The defendant appeals.—*Reversed.*

*Hyatt & Hyatt,* for appellant.

*Martin & Wambach,* for appellees.

ROTHROCK, J.—I. On the same day that the cause was finally submitted to this court, and after it had been fully argued, the appellees filed a paper which contained a suggestion that the appellant had not made and filed an assignment of errors. It is not shown that this paper was served on the appellant or on his counsel. If it be regarded as an objection to the record, it comes too late, and, so far as the appellee is concerned, the omission to assign errors will be regarded as waived. *Andrews v. Burdick,* 62 Iowa, 714. It is true it is held in that case that the court may, on its own motion, enforce the statute requiring the assignment of errors though waived by the parties. In most cases appealed to this court, there are numerous questions involved, and in such cases we would have no hesitancy in dismissing the appeal on our own motion,

1. PRACTICE in supreme court: assignment of errors: record: waiver.

if errors are not assigned. But, as the statute, Code, section 3183, merely provides that "the appellee may have¦ the appeal dismissed," unless good cause be shown for a failure to assign errors, we do not feel called upon, on our own motion, to dismiss the appeal in this case. The record contains a single question, and no assignment of error is really necessary to enable the court to determine the very point in issue.

II. The amount in controversy does not exceed one hundred dollars, and the appeal comes to us by a certificate of the trial judge, which is in these words: "It is hereby certified that the following question of law is involved in the decision of the above-entitled cause, upon which it is desirable to have the opinion of the supreme court, viz.: The defendant, James A. Hill, is a pensioner of the United States, and a resident of the state of Iowa, and has been for more than ten years last past. That in the month of January, 1888, he purchased a horse for sixty-five dollars, the entire purchase price of which he paid out of moneys received as such pensioner. Thereafter he made .an even exchange of said horse for another, which it is agreed is now, and was at the time of the levy of the attachment in this action, worth one hundred and twenty-five dollars. Is the defendant entitled to the horse last mentioned, as exempt property, under section 4305, McClain's Code, being section 1, chapter 23, of Laws of the Twentieth General Assembly, or has the creditor a right, in an action at law, to have the property sold, and the excess over the amount originally invested by the pensioner subjected to the payment of his debt?"

*2. Property exempt from execution: investment of pension money: subsequent exchange of property.*

The section of the Code referred to in the certificate is as follows: "All money received by any person resident of the state as a pension from the United States government, whether the same shall be in the

actual possession of such pensioner, or deposited, loaned or invested by him, shall be exempt from execution or attachment or seizure by or under any legal process whatever, whether such pensioner shall be the head of a family or not." If the defendant had not traded horses, but had kept the one first purchased for sixty-five dollars, and paid for with pension money, the horse would have been exempt. No additional money from any source is invested in the horse in controversy. The whole investment in this horse was pension money. It is true it was not a direct investment. But construing exemption laws liberally, as we always do, we think there should be no partition of this horse between the pensioner and his creditors. The result of such a construction of the statute would be to compel the pensioner to retain the identical horses, cows and other property purchased with his pension money, or to prevent him from investing it in any property. The horse in question is exempt to the extent of the pension money invested in him; and because the pensioner may have made a good trade, and procured a horse worth more than that amount, appears to us to be no reason for ordering the horse to be sold, and the pensioner paid his pension money back, and the balance paid to his credit. It is conceded by the certificate that the money invested in the horse is exempt, but that because he is of more value than the pension money the excess of such value is not exempt. It seems to us this rule would require pensioners to be careful that they did not invest the exempt money in property worth more than the money paid for it. There is nothing in this opinion inconsistent with the case of *Diamond v. Palmer*, 79 Iowa, 578. In that case it was held by a majority of the court that, where a pensioner paid for the services of a stallion with pension money, it gave him an exempt interest in the colts, the dams of the colts being exempt because purchased

with pension money. In the case at bar the horse in question represents pension money, and nothing else. There was not one cent of any other money invested in him. REVERSED.