G. W. MARQUARDT & SONS, Appellees, v. B. MASON, JR., *et al.*, Appellants.

**Exemptions:** PROPERTY PURCHASED WITH PENSION MONEY. Property purchased by a pensioner with his pension money is exempt from the payment of his debts; and if he gives the money to his wife, and she buys property with it, such property is in her hands exempt from his debts, whether the gift be regarded as a valid one or not. ROBINSON, C. J., and KINNE, J., *dissenting*.

*Appeal from Iowa District Court.*—HON. S. H. FAIRALL, Judge.

SATURDAY, JANUARY 21, 1893.

THIS is an action in equity, by creditors' bill, by which it is sought to subject certain property, the legal title to which is in the name of the defendant, L. A. Mason, to the payment of a judgment against the defendant, B. Mason, Jr. The defendant, L. A. Mason, is the wife of B. Mason, Jr. There was a decree for the plaintiffs, from which the defendants appeal.—*Reversed.*

*Hedges, Rumple & Lake*, for appellants.

No appearance for appellees.

ROTHROCK, J.—It was conceded upon the hearing in the district court that the defendant, B. Mason, Jr., is insolvent, and that he has been in that financial condition since the twenty-fourth day of February, 1885, at which time he made an assignment for the benefit of his creditors. His wife is now the owner of certain real estate and a stock of goods. The decree of the district court dismissed the plaintiff's petition as to all of the property excepting a certain tract of land of ten

acres, which it was decreed should be subjected to the payment of the plaintiff's judgment. The correctness of this part of the decree is the only question involved in this appeal.

It appears from the evidence that on the twenty-eighth day of April, 1888, B. Mason, Jr., received a pension certificate or draft from the United States for the sum of eleven hundred and forty-two dollars, on account of his service as a soldier in the war of the Rebellion. This draft or voucher was on the same day assigned by him to the Iowa County Bank. In consideration of said assignment, he received for the draft a written instrument payable to the order of the defendant, L. A. Mason, which instrument was in these words:

"$700.00.

"Iowa County Bank, Victor, Iowa, April 28th, 1888.

"Pay to the order of L. A. Mason seven hundred dollars.                    THOMAS WILLIAMS.

"To Metropolitan Bank, Chicago. No. 34034."

On the same day he delivered the said draft to his wife, and she kept it in her possession until the twentieth day of May, 1888, when she gave it to her husband, and requested him to draw the money on it for her. She was advised that it was necessary that she should sign her name on the back of the draft. There being no pen and ink in her house, she directed her husband to sign it at the bank, which he did, in these words: "L. A. Mason. Per B. Mason." He drew the money, and paid it to her; and on the ninth day of July, 1888, she gave her husband four hundred dollars of this money to apply on the purchase of the ten acres of land in controversy, and on the same day he paid the said sum on the purchase of said land, and a conveyance thereof was made from the vendor to the defendant, L. A. Mason. The draft on the Metropolitan National Bank of Chicago, was taken payable to

the order of the wife, and was intended by the husband as a gift to her. It is not necessary to determine whether or not this was a valid gift. If it was not valid, the money remained the property of the husband and was exempt from the payments of debts; and he could have purchased the land in controversy, and held it exempt from his debts. It was held in the recent case of *Crow v. Brown*, 81 Iowa, 344, that property purchased by a pensioner with his pension money is exempt from the payment of his debts. That case was determined in this court at about the time of the trial of this cause in the court below, which probably accounts for the decree, which followed previous holdings of this court, and to our minds it is an explanation of the failure of counsel for appellee to appear in this court.

The decree of the district court is REVERSED.

ROBINSON, C. J., and KINNE, J., *dissenting*.