THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRIET L.
    JONES, Appellant, v. THOMAS L. FEITNER et al., Comprising
    the Board of Taxes and Assessments of the City of New
    York, Respondents.

1. TAX — REAL PROPERTY PURCHASED WITH PENSION MONEY —
EXEMPTION PERSONAL TO PENSIONER PRIOR TO 1897. The exemption
from assessment and taxation of real property purchased with pension
money, under the law as it stood prior to the amendment of 1897, was
personal to the pensioner and did not extend to property owned by his
wife.

2. AMENDMENT OF TAX LAW. Chapter 347 of the Laws of 1897,
amending the Tax Law and providing for the exemption, to the extent of
the pension money used in its purchase, of real property purchased with
the proceeds of a pension and owned and occupied by the wife of the pen-
sioner, is not retroactive.

*People ex rel. Jones* v. *Feitner*, 32 App. Div. 23, affirmed.

(Submitted November 21, 1898; decided November 29, 1898.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
July 18, 1898, reversing an order of Special Term granting a
peremptory writ of mandamus.

The relator showed by her petition that she was the widow
of Jeptha A. Jones, who died at the city of Brooklyn on
January 1, 1891. Jones was a veteran of the late war, and
was granted by the Federal government a pension on account
of wounds received during service. In 1881 Jones purchased
certain real estate in the city of Brooklyn, on account of the
payment for which he applied the sum of $3,600 which he
had received as pension money. But the property was con-
veyed to his wife, the relator, who has ever since continued to
own the same. From the year 1892 to 1897 the property has
been assessed, for the purpose of taxation, at the sum of
$4,000. In June, 1897, the relator applied to the board of
assessors of the city of Brooklyn for a reduction of the assessed
value of her property, and the valuation was reduced from
$4,000 to $3,600. Thereafter the relator applied to the

respondents to reduce the valuation of her property for the years 1892 to 1896, inclusive, to the sum of $400, and for a refund of a proportionate amount of taxes that she had paid on the property. The respondents having refused to grant the relator's application, she moved for a writ of mandamus to compel them to take the action applied for.

*George W. McKenzie* for appellant. Pension money, the gift or gratuity itself, and not the person, individually, is exempted from taxation. A pension is given, not only for the benefit of the soldier, but for the benefit of his wife and children, and each of them has equal rights in claiming an exemption. Not only is it exempted during the life of the pensioner, but on his death the exemption continues in favor of the widow or children. (*People ex rel.* v. *Williams,* 6 Misc. Rep. 185; L. 1897, ch. 347; *Matter of Winans,* 5 Dem. 138; *Hodge* v. *Learning,* 2 Dem. 553; *Spaulding* v. *Keyes,* 23 N. Y. S. R. 454; *Yates Co. Nat. Bank* v. *Carpenter,* 119 N. Y. 550; *Burgett* v. *Fancher,* 35 Hun, 647; *Stockwell* v. *Nat. Bank,* 36 Hun, 583; *People ex rel.* v. *Board of Taxes & Assessments,* Special Term Supreme Court, Kings county, March 8, 1898; Code Civ. Pro. §§ 1390, 1391, 1393; *Kneetle* v. *Newcomb,* 22 N. Y. 249; *Becker* v. *Becker,* 47 Barb. 497; *Woodward* v. *Murray,* 18 Johns. 400; *Wilcox* v. *Hawley,* 31 N. Y. 657; 119 N. Y. 550; U. S. R. S: § 4718; *Smith* v. *Slade,* 57 Barb. 638.)

*Almet F. Jenks* and *R. Percy Chittenden* for respondents. The relator is not entitled to the exemption claimed. .(L. 1896, ch. 908, § 4; Code Civ. Pro. [prior to 1897] § 1393; *Yates Co. Nat. Bank* v. *Carpenter,* 119 N. Y. 550; *People ex rel.* v. *Williams,* 27 N. Y. Supp. 23; *Mickles* v. *Tousley,* 1 Cow. 114; 15 Abb. [N. S.] 258; 22 Barb. 660; 26 Barb. 381; 52 Barb. 193; 16 Wend. 571; 27 N. Y. Supp. 24; *Burgett* v. *Fancher,* 35 Hun, 650.)

*Per Curiam.* The only question it is necessary to determine in this case is whether the relator was entitled to the

exemption claimed. We think she was not. As the law stood when the assessments complained of were made, pension money or real property purchased with it was exempt from execution, and as this court held in *Yates Co. Nat. Bank* v. *Carpenter* (119 N. Y. 550) it was likewise exempt from assessment and taxation. But that exemption was personal to the pensioner, and did not extend to property owned by another, even though it were his wife. It is true the law is now otherwise (Laws 1897, ch. 347), but that statute has no retroactive effect, and hence has no application here.

This case was properly disposed of by the Appellate Division, and the order appealed from should be affirmed, without costs.

All concur, except GRAY, J., absent.

Order affirmed.