B. E. BULLARD *v.* MARTIN GOODNO, Defendant, CHARLES T. JENNINGS, Trustee, and MARTHA M. GOODNO, Claimant.

October Term, 1900.

Present: TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 12, 1901.

*Wife's equitable right to repayment of money loaned her husband*—If a husband borrows money of his wife under a promise to repay the same, the wife has a valid equitable claim to such repayment.

*Pension money and trustee process—Use of pension by way of prefer-ence or gift*—A wife loaned her husband $477. Afterwards the hus-band secured a pension and turned over to her a pension check for a much larger sum under an agreement that she should have $500 of the money in payment of what he owed her. Whether the $23 in excess of the original loan was intended as compensation there-for, or was a gift, the check to the amount of $500 became the wife's, and one to whom she subsequently loaned it could not be held as trustee of the husband on account of such loan or any part thereof.

ASSUMPSIT. The question was as to the liability of the trustee and the right of the claimant. Heard on commission-er's report, Caledonia County, June Term, 1900, *Taft,* C. J., presiding. Judgment that the claimant was entitled to $477

of the funds in the hands of the trustee and that the trustee was chargeable for $23. The trustee and the claimant excepted.

Had the loans, considered in the opinion, borne interest at the legal rate, such interest would have amounted to much more than $23.

*B. E. Bullard pro se.*

*Taylor & Dutton* for the trustee and the claimant.

*J. P. Lamson* for the claimant.

TYLER, J. The defendant was indebted to his wife, the claimant, in the sum of $477 for money loaned by her to him at different times after their marriage, part of which sum was hers in her own right before marriage, and part she borrowed of her brother. These loans were made by her to her husband upon his promise to repay the same, but there was no agreement to pay interest.

The defendant owed the plaintiff for services in securing a pension for him on account of disabilities received by him as a soldier, and had promised to pay him when he got his pension. He subsequently received a pension check for $1,287.80, which he gave to his wife, and it was then agreed between them that she should have $500 of the pension money in payment of what he owed her. She kept the check about two weeks and then handed it to her husband to take to a bank to be cashed. The bank held notes against the defendant secured by a mortgage upon his homestead, and from the avails of the pension check the defendant paid the bank the amount of his notes, took $167 in money and the remainder, $600, in six bank checks of $100 each payable to himself, which he took home and delivered to his wife, agreeing with her that five of them belonged to her, and one he kept himself. She took and retained them until they were passed to the trustee. The defendant in his wife's presence made a loan of $600 to the

trustee, who gave the claimant his note for $500 and the defendant another note for $100, the defendant indorsing and delivering to the trustee as such loan the six bank checks which his wife had in her possession. The claimant has retained possession of the $500 note ever since, and she and her husband have considered and treated it as her separate property. The trustee afterwards paid the claimant $200 in cash and $35 by sale of a cow to her, and these sums were indorsed upon the $500 note.

The commissioner finds that the defendant intended to pay and did pay this debt to his wife in preference to his other creditors. The court below held the trustee chargeable for the $23, the claimant and trustee excepting.

Upon the finding of the commissioner, when the claimant recived the pension check from her husband, by her agreement with him she had a property in it of $500, and the five bank checks were her property, as part of the pension check, and the $500 note which the trustee gave her for the five checks was hers also.

Nothing appears to have been said about interest when the $477 was paid, and the $23 cannot be considered as interest *eo nomine,* yet is is evident that the $500 was given by the defendant to his wife in consideration of her loan to him of $477, and as it was then a part of his pension money, his right to dispose of it in payment of this debt cannot be questioned. Sec. 4747 R. S. of the U. S. is as follows:

"No sum of money due, or to become due, to any pensioner, shall be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, whether the same remains with the Pension Office, or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of such pensioner."

When the defendant gave the pension check to his wife it certainly retained its distinctive character as a pension, within the rule of *Adams* v. *Newell & Tr.,* 8 Vt. 190. It was said in that case that a pension being a gratuity from the government and intended for the support and comfort of the pensioner, the statute should be liberally construed. While the wife had not a claim against her husband for the $477 which was enforceable at law, it was a valid equitable claim against him, *Hackett* v. *Moxley,* 65 Vt. 71, and he had a right to pay it with funds which inured wholly to his benefit. He was his wife's agent in taking the check to the bank and returning her the five bank checks, and in furtherance of the agreement made by them the trustee's note was made payable to her. The trustee suit was not brought until after the claimant had received the note and the trustee had obtained the money on the checks from the bank; so the question is not raised whether the bank was indebted to the defendant for the amount of its checks before or after they reached the claimant's hands. They had been converted into a debt to her from the trustee before the process was served.

The only question then is whether the $23, which was the difference between the defendant's debt against her husband and the $500, was attachable upon the defendant's debt to the plaintiff. We hold that it was not for it was evidently paid as a compensation for the loan. It was also valid as a gift, as it was made from the defendant's pension which inured wholly to his benefit. This is so held in *Hayward* v. *Clark,* 50 Vt. 612, which, to this extent, is held good law in *Martin* v. *Hurlburt,* 60 Vt. 364.

*Judgment reversed; judgment that the trustee is not chargeable; that the claimant is entitled to the funds in controversy, and that the trustee and claimant recover costs.*