KATIE COOK v. GEORGE A. ALLEE, et al, Appellants.

Insurance: PROCEEDS OF, EXEMPT FROM DEBT OF BENEFICIARY. Property purchased by a beneficiary with the proceeds of a policy of life insurance is exempt from liability for all debts of the beneficiary contracted prior to the death of the assured, under Code, section 1805.

*Appeal from Benton District Court.*—HON. G. W. BURN-HAM, Judge.

TUESDAY, JANUARY, 27, 1903.

ACTION in equity to restrain the defendants from selling the plaintiff's real estate to satisfy a debt. Judgment for the plaintiff. The defendants appeal.—*Affirmed.*

*Tom H. Milner* for appellant.

*Gilchrist, Whipple & Montgomery* for appellee.

SHERWIN, J.—The plaintiff is the widow of Benjamin Cook, who died in July, 1900. She was the beneficiary of a policy of insurance on his life for $2,000, which was duly paid to her. Of this sum, she used $525 for the purchase of a house and lot, with the intention of using the same as a homestead for herself and minor children, and has ever since so used and occupied it. Prior to her husband's death, she became indebted to the defendant Allee, and after her purchase of the property in question he secured a judgment against her, and caused a levy to be made thereon under execution. The sole question for determination is whether the property is liable for this debt, and this involves the construction of section 1805 of the Code, which is as follows, so far as it is material to this inquiry: "A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual independently of his creditors. * * * The avails of all policies of life or accident insurance payable to the surviving widow shall be exempt from liability from all debts of such beneficiary contracted prior to the death of the assured." Exemption statutes are the product of an enlightened public policy, which seeks to afford some measure of protection to the family of an unfortunate debtor, as well as to the debtor himself, and incidentally to the public, and are always to be liberally construed to effect their intent and purpose.

In determining the intent of the present statute, it will be well to note the growth and development which has taken place since the first enactment on the subject. It was provided by section 2362 of the Revision of 1860 that "the avails of any life insurance are not subject to the debts of the deceased, except by special contract or

arrangement, but shall in other respects be disposed of like other property left by the deceased." This section was carried into the Code of 1873, as section 2373 thereof. In the mean time, however, the 12th General Assembly enacted a statute which subsequently became section 1182 of the Code of 1873, following: "A policy of insurance on the life of an individual in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his or her creditors; and an endowment policy, payable to the assured on attaining a certain age, shall be exempt from liability for any of his or her debts." Up to this time the exemptions provided for were against the creditors of the assured only, and did not exempt the avails of a policy from the debts of the beneficiary. *Murray v. Wells*, 53 Iowa, 256; *Smedley v. Felt*, 43 Iowa, 607. To meet these decisions, the 24th General Assembly amended section 1182 by providing that "the avails of all policies of insurance on the life of any individual, payable to his surviving widow, shall be exempt from liabilities for all debts of such beneficiary contracted prior to the death of the assured."

We have set out these various enactments for the purpose of showing that the legislatures have gradually enlarged this statute, so that it now protects the beneficiary against debts which she may have contracted before the death of the assured as well as against the debts of the assured. It is a well-settled rule of statutory construction that all statutes in *pari materia* must be construed together, and the intent of the lawmakers be determined from a consideration of the whole.

Construing, then, these various enactments, as now embodied in section 1805 of the Code, it is clear that the purpose has been to provide that the money derived from life or accident insurance shall inure to the benefit of the widow, exempt from her antecedent debts. If this con-

clusion be correct, it follows that she may invest a part or the whole thereof in property which shall be necessary for the comfort and support of herself and family, without impairing this right of exemption; for to deny her this right might, and often times would, destroy the benefits the statute was intended to confer.  The legislature never intended to limit the exemption to the money itself, because to so limit it would be to destroy the value of the money as a purchasing medium, and it has no other, ordinarily.

Carried to its final conclusion, such a holding would subject every purchase of more than the bare necessities of life to the levy of an execution.  Moreover, we have determined the precise principle involved here in construing section 4747 of the Revised Statutes of the United States [U. S. Comp. St. 1901 p., 3280], which relates to the exemption of pensions; holding that the language of that statute which says that pension money "shall enure wholly to the benefit of the pensioner to the exclusion of his creditors" meant that property purchased with pension money was exempt.  *Crow v. Brown*, 81 Iowa, 344; *Smith v. Hill*, 83 Iowa, 684; *Marquardt v. Mason*, 87 Iowa, 136. See, also, on same subject, *Bank v. Carpenter*, 119 N. Y. 550 (23 N. E. Rep. 1108, 7 L. R. A. 557, 16 Am. St. Rep. 855); *Holmes v. Tallada*, 125 Pa. St. 133 (17 Atl. Rep. 238, 3 R. A. 219, 11 Am. St. Rep. 880).  And this was the holding without reference to section 4010 of the Code, exempting a homestead purchas d with pension money, which was originally enacted by the 20th General Assembly to meet previous decisions which held otherwise.  Nor is this case essentially like the cases holding that the proceeds from the voluntary sale of personal property which is exempt for a specific purpose are not exempt.  It more nearly corresponds with the cases which hold that the proceeds from the sale of a homestead may be reinvested in a new one, which shall be exempt from antecedent debts.

We hold the property in question exempt from levy and sale to satisfy this antecedent debt, not under the homestead statute, but because it was purchased with exempt funds, for the use and convenience of the plaintiff and her minor children.

The judgment is AFFIRMED.