Joyce v. Russell, 140 Wis. 583.

ESTATE OF FERGUSON: JOYCE, Appellant, vs. RUSSELL, Respondent.

*October 26—November 12, 1909.*

(1) *Appeal: Review: Findings of fact.* (2–5) *Pension moneys: Exemption: Conversion into other property.*

1. Findings of fact which are not against the clear preponderance of the evidence are to be regarded as verities on appeal.
2. Under sec. 4747, R. S. of U. S., as construed by the federal supreme court, pension money is only exempt from claims of a pensioner's creditor while it is "due, or to become due, to any pensioner."
3. By such construction the words of the statute, "shall inure wholly to the benefit of such pensioner," relate to the words "due, or to become due," and have no force after the public obligation has been discharged by delivery of the money to the pensioner or his agent.
4. Whether *Folschow v. Werner*, 51 Wis. 85, holding to the contrary of the federal construction, should be adhered to, this court may properly decline to state, further than is necessary to facts as presented, requiring a decision.
5. Notwithstanding *Folschow v. Werner*, pension money, under the federal statute, is not exempt from claims of creditors of the pensioner after the money has been paid to him and converted into other property.
   [Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

Proceedings, commenced in county court, to have certain premises declared a homestead under the statute regarding descent of real property, were removed by appeal from the

final order denying the petition to the circuit court for Wau-
kesha county, and were closed by judgment affirming such
order.   The determination was based on these conclusions of
fact: Appellant, an adult, is the sole heir at law of Catherine
Ferguson, deceased.   She resided in Missouri when said Fer-
guson died.   Respondent is a general creditor of the deceased.
The latter, when she died, was an inhabitant of Wisconsin.
She did not leave a husband or any heir except appellant.
There is no property available for payment of respondent's
claim except that in question.   The deceased became owner
of the property about August, 1898.   It consists of less than
one-half acre of land, is situated within the corporate limits
of Waukesha, and was not worth at the time Mrs. Ferguson
died to exceed $900.   At the time of acquiring the real estate,
the deceased was about seventy-three years of age.   She had,
for twenty to thirty years, been a widow and, customarily,
gone out to service for, and boarded with, numerous persons.
At the time of such acquirement, she was a house employee
in Pewaukee and so continued for over three years.   In the
meantime said property was wholly occupied by a tenant.
After such period, she resided with her tenant on the prop-
erty, as an ordinary boarder, for some over a year, and then
boarded in another but nearby place till she died.   She never
resided upon the real estate, except as aforesaid, or at any
time expressed an intention to make the place her homestead.

For the appellant the cause was submitted upon the brief
of *D. J. Hemlock.*

For the respondent there was a brief by *Clasen & Walsh,*
and oral argument by *E. D. Walsh.*

MARSHALL, J.   The facts found warrant the conclusion
that the premises in question never became the homestead of
Catherine Ferguson.   The findings are sufficiently supported
by competent evidence to preclude their being condemned, in
any respect, as erroneous.   Therefore, the judgment must be

affirmed, unless the subject yet to be referred to is of controlling significance.

The point is made that the court erred in not deciding that the property was exempt from creditor claims against the estate of Catherine Ferguson, by reason of the same having been purchased with pension money which, under sec. 4747, R. S. of U. S. (U. S. Comp. Stats. 1901, p. 3279), was exempt, to the extent indicated in the language of the statute, as follows:

"No sum of money due, or to become due, to any pensioner shall be liable to attachment, levy or seizure by or under any legal or equitable process whatever, whether the same remain with the pension office, or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of such pensioner."

These proceedings were instituted, solely, to settle the controversy as to whether the property was subject to the law respecting descent of homesteads. That appears to be the sole subject of the decision in the circuit court. For that reason the question of whether the federal statute on the subject of the exemption of pension money could, in any event, cut any figure in the case, might properly be passed without decision. However, since such question will probably have to be decided in the course of the settlement of Mrs. Ferguson's estate, and has been argued on both sides, it is thought best to decide the same.

Counsel for appellant relies on *Folschow v. Werner,* 51 Wis. 85, 7 N. W. 911, where it was held, under the federal statute, that pension money after having been received by the pensioner, so long as the same can be identified as a fund in his hands for his use, is within the zone of exemption. The case did not go so far as to hold that the exemption would continue as to property purchased with the pension money, as in this case. Whether the decision could be justified on reason or authority limited, even, as it is, by the facts of the

case, is involved in very serious doubt as the following will show:

The supreme court of Iowa is the only court, so far as we can discover, which is in harmony with *Folschow v. Werner, supra.* It held to the contrary at first. *Webb v. Holt,* 57 Iowa, 712, 11 N. W. 658; *Triplett v. Graham,* 58 Iowa, 135, 12 N. W. 143; *Baugh v. Barrett,* 69 Iowa, 495, 29 N. W. 425; *Farmer & Sons v. Turner,* 64 Iowa, 690, 21 N. W. 140; *Foster v. Byrne,* 76 Iowa, 295, 35 N. W. 513, 41 N. W. 22. The court was divided on the subject during all the time covered by the decisions referred to. After the last of such decisions the personnel of the bench was changed, the two dissenting judges remaining and two of the majority being succeeded by new men. In the changed situation the question so many times decided, as indicated, was raised anew (*Crow v. Brown,* 81 Iowa, 344, 46 N. W. 993), and the previous cases were all overruled, the court holding that pension money received from the United States in the hands of the pensioner and property owned by him purchased therewith, as well, were exempt from the claims of creditors under the federal statute. The dissenting justices in their first dissenting opinion (57 Iowa, 712, 11 N. W. 658), relied for authority on *Eckert v. McKee,* 9 Bush, 355; *Hayward v. Clark,* 50 Vt. 612; and *Folschow v. Werner,* 51 Wis. 85, 7 N. W. 911. In their last dissenting opinion (76 Iowa, 295, 35 N. W. 513, 41 N. W. 22), which was referred to as expressing the judgment of the majority in *Crow v. Brown,* the sole authority cited was *Folschow v. Werner.* The Iowa court firmly adhered to its change of position (*Dean v. Clark,* 81 Iowa, 753, 46 N. W. 995; *Smith & Co. v. Hill,* 83 Iowa, 684 49 N. W. 1043; *Marquardt & Sons v. Mason,* 87 Iowa, 136, 54 N. W. 72; *Cook v. Allee,* 119 Iowa, 226, 93 N. W. 93), confessing, however, that it was against the great weight of authority (*Smyth v. Hall,* 126 Iowa, 627, 102 N. W. 520). The court was relieved from a somewhat embarrassing situa-

tion by a legislative enactment, following the judicial construction of the federal statute which had been adopted, thus effectually supplementing such statute.

It is interesting to note that the decision of this court, for authority, referred to *Eckert v. McKee,* relied on by the Iowa court. That case was overruled in 1875, six years before *Folschow v. Werner* was decided. See reference to *Wayne v. Chester* in *Robion v. Walker,* 82 Ky. 60. The opinion in *Wayne v. Chester* does not appear to have been published. The first published opinion of the Kentucky court, overruling *Eckert v. McKee,* is in *Robion v. Walker,* in which *Webb v. Holt,* 57 Iowa, 712, 11 N. W. 658, subsequently overruled in that state, as we have seen, was followed. The Kentucky court has adhered to its position, taken in 1875 as indicated, in many decisions reaching down to date. *Johnson v. Elkins,* 90 Ky. 163, 13 S. W. 448; *Curtis v. Hellon,* 109 Ky. 493, 59 S. W. 745; *Sanders v. Herndon,* 122 Ky. 760, 93 S. W. 14.

The Vermont case relied upon, with the early Kentucky case, overruled as we have seen, and the case in this court based on such overruled decision, was decided in 1878, and long before the federal court had construed the federal statute. The Vermont court did not refer to any authority. The decision was not thereafter followed. All said in it, regarding the subject under discussion, was declared to be *obiter* in *Martin v. Hurlburt,* 60 Vt. 364, 14 Atl. 649, and, so far as it could be regarded, in any sense, as a construction of the federal statute, was overruled. It was likewise overruled in *Bullard v. Goodno,* 73 Vt. 88, 50 Atl. 544.

The following additional cases are in harmony with the later Kentucky and Vermont cases: *Rozelle v. Rhodes,* 116 Pa. St. 129, 134, 9 Atl. 160; *Friend v. Garcelon,* 77 Me. 25, 26; *Crane v. Linneus,* 77 Me. 59, 61; *Cranz v. White,* 27 Kan. 319; *State v. Fairton S. F. & B. Asso.* 44 N. J. Law, 376; *Faurote v. Carr,* 108 Ind. 126, 9 N. E. 350; *Spelman v. Aldrich,* 126 Mass. 113, 117; *Hissem v. Johnson,* 27 W. Va.

644, 652; *Stockwell v. Nat. Bank,* 36 Hun, 583; *Bull v. Case,* 41 App. Div. 391, 58 N. Y. Supp. 774; *Hathorn v. Robinson,* 96 Me. 33, 51 Atl. 236; *Martin v. Martin,* 187 Ill. 200, 58 N. E. 230; *Brown v. Balfour,* 46 Minn. 68, 48 N. W. 604; and *Recor v. Comm. & Sav. Bank,* 142 Mich. 479, 106 N. W. 82.

In many of the cases cited, *Folschow v. Werner* is referred to with disfavor. In no one of them, so far as we can discover, did the court have the benefit of a construction by the federal supreme court. Had such a construction existed at the time of *Folschow v. Werner* or the decisions which followed it in Iowa, and been called to the attention of the court, doubtless, such construction would have been followed. The subject seems to have been first presented to the federal supreme court in *McIntosh v. Aubrey,* 185 U. S. 122, 22 Sup. Ct. 561, where *Crow v. Brown,* 81 Iowa, 344, 46 N. W. 993, and *Yates Co. Nat. Bank v. Carpenter,* 119 N. Y. 550, 23 N. E. 1108, a similar case (based however on a statute—*People ex rel. Jones v. Feitner,* 157 N. Y. 363, 51 N. E. 1002), were condemned. *Folschow v. Werner* does not seem to have been cited to the attention of the court, else, doubtless, it would have met a similar fate. The decision of the federal court is in this plain language:

"The section of itself seems to present no difficulty. . . . We think the purpose of Congress is clearly expressed. It is not that pension money shall be exempt from attachment in all of its situations and transmutations. It is only to be exempt in one situation, to wit: when 'due or to become due.' From that situation the pension money," having been paid to the pensioner and converted into other property, ". . . had departed."

It follows from the foregoing that if *Folschow v. Werner* should be followed at all it should not be extended to cover the facts of this case, which are substantially identical with *McIntosh v. Aubrey, supra.*

*By the Court.*—Judgment affirmed.