HOLLAND HUDSPETH *v.* W. B. HARRISON.

[Abstract Kentucky Law Reporter, Vol. 6—304.]

**Pension Money Not Exempt from Liability for Pensioner's Debts.**
The exemption of pension money from liability for the debts of the pensioner does not extend beyond the time of its receipt by him.

**Construction of Exemption Laws.**
While exemption laws are entitled to a liberal construction, exemptions exist by virtue of the statute only and one to be entitled to their benefit must show that he comes within the meaning of the statute.

APPEAL FROM TAYLOR CIRCUIT COURT.

October 23, 1884.

OPINION BY JUDGE HOLT:

In this case the creditor having a judgment, execution and return of nulla bona, seeks to subject an equitable interest of the debtor in a tract of land to the payment of the debt.

The defense interposed is, that the property was purchased with money received by the debtor as a pensioner of the United States, and this is admitted as true by the demurrer to the answer. Revised Statutes of United States, section 4,747.

This question is res adjudicata. This court has heretofore held, that the exemption of pension money from liability for the debts of the pensioner does not extend beyond the time of its receipt by him, and this ruling is sustained by that of the courts of other states. (Reported in *Robion v. Walker,* 82 Kentucky 60, 5 Ky. Law Rep. 799); *Webb v. Holt,* 57 Iowa 712; *Jordan v. Fairton S. F. Association,* 44 N. J. 377; *Cranz v. White,* 27 Kansas, 319.

It was no doubt intended that the pension gratuity should certainly reach the hands of the pensioner, but not that the time should never come when it should pass from the possession of the statute. Moreover, the statute only applies to money due, or to become due, "to any pensioner," and in this instance, it has not only been received by the debtor but he has reinvested it in other property, which under the general law is liable for his debt.

While exemption laws are entitled to a liberal construction, yet exemptions exist by virtue of the statute only, and not by the common law,. and the plain meaning of the act in question is to protect the specific money only until it is received by the pensioner.

Judgment *affirmed.*

*Russell & Russell, for appellant.*

*H. Robinson, W. B. Harrison, for appellees.*

[Cited, *Johnson v. Elkins,* 90 Ky. 165, 13 S. W. 448; *Sims v. Walsham,* 9 Ky. L. 912; *Falkenburg v. Johnson,* 102 Ky. 548, 44 S. W. 80; *Curtis v. Helton,* 109 Ky. 497, 59 S. W. 745; *Dickinson v. Johnson,* 110 Ky. 247, 61 S. W. 267; *Sanders v. Herndon,* 29 Ky. L. 325, 93 S. W. 14.]