CASE 53—MOTION—MARCH 12.

# Gowdy v. Sanders.

APPEAL FROM TAYLOR CIRCUIT COURT.

1. SERVICE OF PROCESS—EXECUTIONS.—The word "process," as used in section 667 of the Code, which provides to whom "every process" in an action shall be directed, includes an execution.

2. SAME.—An execution must be directed to the sheriff of the county and executed by him if he be not a party to the proceedings, or interested; if he be a party, or interested, it must be directed to the coroner and executed by him if he be not interested.

   An execution was directed to the "coroner or jailer" of the county and executed by the jailer. *Held*—That the proceedings under the execution were void. The jailer had no authority to execute the writ unless both sheriff and coroner were interested, which does not appear. Upon the contrary, the presumption arises from the manner in which the writ was directed that the coroner was not interested.

CHARLES PATTERSON FOR APPELLANT.

The homestead exemption does not attach unless the debtor owned and occupied the premises as a homestead prior to the creation of the debt. (Fisher v. Hunt, 81 Ky.; Brown, &c., v. Martin, &c., 4 Bush, 47; Gen. Stats., section 16, article 13, chapter 38; Fant v. Talbott, 81 Ky., 25; Carter, Fisher & Co. v. Goodman, 11 Bush, 228.)

J. M. WOOD, J. T. COLLINS AND JAMES GARNETT FOR APPELLEE.

1. Where an execution is directed to the "coroner or jailer," and executed by the jailer, the proceedings thereunder are void. (Civil Code, sec. 667; Menderson v. Speeker, 79 Ky., 509.)

2. The actual purpose and intention to occupy the premises as a homestead confer the right to the homestead exemption. (Bennett v. Baird, 5 Ky. Law Rep., 636; Robinson v. Blackerby, 9 Ky. Law Rep., 375.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee's, E. T. Sanders', curtesy in a house and lot belonging to his deceased wife was levied on and sold by virtue of an execution in favor of the appellant against the appellee. The appellant having purchased the said interest, received a deed for the same. Thereafter, he

made a motion before the Circuit Court for a writ of possession. The appellee resisted the motion upon the grounds, first, that he was entitled to a homestead in said property; second, that the levy and sale were void. If the last-named ground is well taken, there is no need of inquiring into the first. The execution was directed to the "coroner or jailer of Taylor county."

By sub-section 1 of section 667 of the Civil Code of Practice, "every process in an action or proceeding shall be directed to the sheriff of the county; or, if he be a party, or be interested, to the coroner; or, if he be interested, to the jailer; or, if all these officers be interested, to any constable." By sub-section 26, section 732, "process" is defined to be a "writ or summons issued in the course of judicial proceedings."

Sub-section 27 of section 732 defines the word "writ" to be "an order or precept in writing, issued by a court, clerk, or judicial officer."

So the word "process," as used in section 667, means, among other things, a writ of execution, which must be directed to the sheriff of the county and executed by him, if he be not a party to the proceedings or interested; if he be a party or interested, it must be directed to the coroner and executed by him, if he be not interested; if he be interested, it must be directed to the jailer and executed by him, if he be not interested; if he be interested, it must be directed to a constable. If the sheriff is not disqualified, neither the coroner, jailer nor constable can execute a writ of execution; nor can the jailer execute it, unless the coroner is disqualified; nor can the constable execute it, unless all three are disqualified.

The reason why the coroner, jailer and constable are

denied the right to execute a writ of execution if the sheriff is not disqualified by reason of being a party or interested, is: The duty, involving experience and judgment and the handling of large amounts of money, belongs directly to the office of sheriff, and the sheriff is required to give bond in an amount sufficient to indemnify against loss by reason of any default of his. By reason of the fact that the general duties of the jailer are inconsistent with the duties of sheriff and coroner, the coroner is regarded, as to executing process, as the next officer in rank, and he is required to give bond with a view to the fact that he will be required to execute writs of execution if the sheriff is disqualified. The jailer, in reference to such duty, is third in rank, and he executes bond with a view to that fact. In a word, it is the policy of the law that the sheriff, unless disqualified, shall, by himself or deputies, execute all the duties pertaining to his office, and that no one else shall execute them, unless he is disqualified, in which case the duty devolves upon the coroner exclusively, unless he is disqualified, in which case the duty devolves upon the jailer.

That the foregoing is the true meaning of sub-section 1 is made manifest by sub-section 2, which provides that "the summons or an order for a provisional remedy in an action or proceeding" (neither of which entitles the officer to handle money) "may, at the request of the party in whose behalf it is issued, be directed to any of the officers named in sub-section 1," provided he is not interested, etc.

The issue was made that neither the sheriff nor coroner was a party or interested. The execution shows that it was directed to the coroner or jailer, from which fact the

presumption arises that the coroner was not interested, and that the execution ought to have been directed to him and executed by him. Instead, however, it was executed by the jailer, which, in the absence of proof that both the sheriff and coroner were interested, he had no authority to do.

The judgment of the lower court is affirmed.