Case 26—PETITION EQUITY—April 17.

# Johnson, &c., v. Elkins.

### APPEAL FROM LARUE CIRCUIT COURT.

1. PENSION MONEY IS NOT EXEMPT from liability for the pensioner's debts after it reaches the hands of the pensioner; and the fact that land was purchased with the money does not exempt the land.

    A check for pension money was indorsed by the pensioner to another, who, for the pensioner, drew the money upon the check and out of it paid for land which was conveyed to the pensioner's wife. *Held*—That the fact that the land was thus paid for does not prevent the conveyance from being fraudulent as to the pensioner's creditors. The pension money was not in course of transmission to the pensioner when it was paid for the land.

2. AN EXECUTION MUST BE EXECUTED BY THE OFFICER TO WHOM IT IS DIRECTED.—It is not sufficient that it is executed by an officer to whom it might have been directed.

3. A RETURN OF "NO PROPERTY" made by a coroner upon an execution directed to the sheriff is a nullity, and will not support an action to set aside a fraudulent conveyance

4. THE WORD "PROCESS," as used in the Code, includes an execution.

H. S JOHNSON AND JOHN W. GORE FOR APPELLANTS.

Pension money, after it reaches the hands of the pensioner, is not exempt. (Robion v. Walker, 5 Ky. Law Rep., 799; Hudspeth v. Harrison, 6 Ky. Law Rep., 304; Sims, &c., v. Walsham, 9 Ky. Law Rep., 912.)

D. H. SMITH FOR APPELLEE.

1. An action to set aside a fraudulent conveyance can not be maintained without a return of "no property." (Kyle v. O'Neil, 10 Ky. Law Rep., 710.)

2. The return by the coroner of an execution directed to the sheriff was without authority, and void. (Civil Code, sec. 667, subsec. 1; Gowdy v. Sanders, 10 Ky. Law Rep., 913; Menderson v. Specker, 79 Ky., 510.)

3. The disposition by a debtor of exempt property is no fraud upon his creditors. (Dowd v. Harley, 78 Ky., 260; Tory v. Eifert, 80 Ky., 152.)

4. The pension money paid for the land sought to be subjected was in the course of transmission within the meaning of the Federal statute, and was, therefore, exempt. (Eckert v. McKee, 9 Bush, 356; Robion v. Walker, 5 Ky. Law Rep., 800.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellants having a judgment in the Green Circuit Court against the appellee, David Elkins, sued out an execution to the county of Larue, where the debtor then resided. It was directed to the sheriff, but there being none at the time in the county, it was received and returned by the coroner "no property found." This action was then brought in the Larue Circuit Court to subject to the payment of the judgment a tract of land of sixty-three acres, situate in said county, which had been conveyed to the wife of the debtor, Elkins, by one Noe.

The petition avers that the land was, in fact, paid for by the debtor, and that it was conveyed to the wife to defraud his creditors. The copy of the execution which issued to Larue county shows, at least *prima facie*, that the appellants' debt was created before the land was purchased. It bears interest, according to it, from October 14, 1887, and the purchase was not made until November 1, 1887. It appears that the land was paid for with pension money of the debtor, drawn from the United States Government. The money itself never came to his hands. The check for it did, and was indorsed by him to one Hoover, who, for the debtor, drew the money upon it, and out of it paid Noe for the land. It is now claimed that the money, when paid to Noe, was in the course of transmission to the pensioner, and being, therefore, exempt from seizure for the debts of the pensioner by the United States statute, it was no fraud upon his creditor to invest it in the land and have the deed taken to the wife.

Section 4747 of the Revised Statutes of the United States provides: "No sum of money due, or to become due, to any pensioner shall be liable to attachment, levy or seizure by or under any legal or equitable process whatever, whether the sum remains with the pension office, or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of such pensioner."

It has been repeatedly decided by this court that after the money reaches the hands of the pensioner it is no longer exempt. (Robion v. Walker, 82 Ky., 60; Hudspeth v. Harrison, &c., 6 Ky. Law Rep., 304.) In the last-named case it was held that the fact that land was purchased with pension money did not ex-exempt it from liability for the pensioner's debts. In the case of Sims, &c., v. Walsham, &c., 9 Ky. Law Rep., 912, the money itself did not come to the hands of the pensioner, but a check did, and he transferred it to another person, with directions to draw the money and pay it to his sons, to be, and which was, used by them in paying for land, which was conveyed to them. It was held that the land so held by them by voluntary conveyance was liable for the pensioner's debt. These cases are decisive of this one, so far as this question is concerned. Another one presents itself, however, which, doubtless, controlled the lower court in dismissing the action of the appellants.

A creditor may sue in equity to set aside a conveyance of land by his debtor as fraudulent upon a return of *nulla bona* upon an execution issued from a court having jurisdiction to sell land, or he may do so with-

out it, provided he sues out an attachment upon any
of the grounds mentioned in our Code of Practice,
and in conformity to its provisions.    He may adopt
either course, but one or the other must be pursued.
(Martz v. Pfeifer, &c., 80 Ky., 600; Kyle v. O'Neil,
&c., 88 Ky., 127 )   In this instance the averments of
the petition are not sufficient to sustain the action
upon the last-named ground.    It is evident the action
is attempted to be based upon the return of "no
property" upon the execution which issued to Larue
county.

By section 667 of the Code of Practice every pro-
cess in an action must be directed to the sheriff of
the county.    If he be a party to the suit, or inter-
ested in it, then it must be directed to the coroner;
or if he be interested, then to the jailer; or if all
these officers be interested, then to any constable;
and a summons or an order for a provisional remedy
may, at the request of the party in whose behalf it
is issued, be directed to any one of the officers above
named, if he be not a party to nor interested in the
action.

It was held in the case of Menderson, &c., v.
Specker, &c., 79 Ky., 509, that an attachment must
be executed by the officer to whom it is directed, and
that it can not be executed by any officer to whom
it might have been directed, as is specially provided
by section 47 of the Code as to a summons.    The
word "process," as used in the Code, includes an
execution.    It was so decided in the case of Gowdy
v. Sanders, 88 Ky., 346, where it is also held that
an execution from a circuit court, or a court of

like jurisdiction, must be directed to the sheriff, unless he be a party to the action or interested in it, and that it must be directed to the officer by whom it is to be executed. The return by the coroner, therefore, upon the appellants' execution is a nullity. He had no right to handle it; it was not directed to him, and could be executed only by the officer to whom it was directed. It results, therefore, that there was, in fact, no return of *nulla bona* to support this action. This objection has not been waived by the appellees. It was raised in the lower court and insisted upon in the answer. It is, therefore, available here, and the judgment must be and is affirmed.