CASE 78—PETITION EQUITY—JAN. 30.

# Wallace v. Mason and wife.

APPEAL FROM CLARK CIRCUIT COURT.

1. MARRIED WOMEN—WAGES.—The wages and compensation of a married woman for services and labor done and performed by her, being under the act of April 11, 1873, free from the debts and control of her husband, real estate paid for by her labor is not subject to the payment of her husband's debts.

2. EXEMPTION.—Such real estate can not be subjected to the payment of the husband's debts because he made a small payment on it, the amount of which under the statute was exempt from the payment of his debts.

WM. H. HOLT FOR APPELLANT.

1. The husband was entitled to the proceeds of his wife's labor, and the property having been wholly paid for by his and her labor, was subject to his debts. (Urigh v. Hortsman, 8 Bush, 177; Penn. v. Young, 10 Bush, 628.)

GRANT E. LILLY ON SAME SIDE.

1. The earnings of the wife under the laws in force from 1886 to 1891 when this property was paid for by the wife's labor, belonged to the husband, and operated in law as a payment by the husband.

2. The payment of fifty dollars by the husband is certainly subject to appellant's debt.

Wallace v. Mason and wife.

HATHAWAY & CARDWELL FOR APPELLEE.

1. Under the statute in force at the time the payments were made, the wages and compensation of the wife were free from the debts and control of the husband. (Bullitt & Feland Ed. Gen. Stats., p. 720.)

2. The fifty dollars paid by the husband was wages earned by him as a laborer and exempt under the statute. (Gen. Stats., chap. 38, art. 13, sec. 8.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT:

The appellant is seeking to subject to the payment of a judgment debt against Chas. Mason a house and lot in Winchester. The debt appears to have been contracted before the purchase of the property. It was purchased in 1886, and on the 7th day of March, 1887, it was conveyed to Ellen Mason, wife of Chas. Mason, by the vendor, Major Cardwell. While the note for the purchase money, amounting to $250, was executed by Chas. Mason, yet the agreement between the vendor and Ellen Mason was that if she would do certain work for him the property was to be conveyed to her. This arrangement was made with the consent of the husband. The interest and principal when paid amounted to something over $320. Except $50, which was paid by the husband in work for the vendor, the wife washed, cleaned house and did other work for the vendor until she had paid for the property.

She did this work for several years without other compensation than being credited on the purchase money of the place. It is insisted that the husband was entitled to her earnings and, therefore, the property was paid for by him. The cases of Uhrig v. Horts-

man, 8 Bush, 177, and Penn v. Young, 10 Bush, 628, are cited to sustain that contention.

There has been legislation on the subject of the rights of a marreid woman to her earnings since the opinion in the 8 Bush case and since the transaction out of which the 10 Bush case arose.

Section 1 of an act approved April 11, 1873 (General Statutes, 720), is as follows: "That the wages and compensation of married women for services and labor done and performed by them shall be free from the debts and control of their husbands." * * * * *

Under the provisions of this act the wife was entitled to her earnings and could use them in the payment of the purchase money of the little home which, by her industry and toil, she was endeavoring to secure to her family.

She paid all the purchase money with her labor except $50, which the husband paid with his labor. He was entitled to this $50 free from the payment of his debts. He was a laborer with a family, and when he appropriated it to aid in paying for the house it did not prejudice the rights of the appellant because he could not subject it to the payment of his debt.

It was held in Thompson v. Hiffner, 11 Bush, 353, that where an exchange of real estate is made, if either of the parties thereto is at the time entitled to a homestead right in the property he parted with, he takes the same right in the property he receives in exchange.

It was said in Lear v. Totten, 14 Bush, 105, "That if the owner sells his homestead and converts it into

money, with no purpose of reinvesting the proceeds in property not exempt from execution, the protection of the law afforded him against the claims of creditors is gone."

One can sell his homestead after he has contracted a debt and reinvest its proceeds in another homestead and hold it free from the payment of such debt. This technically is a purchase of a homestead, although with the proceeds of another homestead. If a debtor owns just such personal property as the law exempts from the payment of his debts why should he not be permitted to sell it and invest it in land, occupy it with family and hold it as a homestead exempt from the payment of his debts? Where is the difference in principle between the case where the proceeds of exempt realty and those of exempt personalty are invested in a homestead? The creditor is injured no more in the one than in the other case.

We do not think the fact that the husband paid $50 of wages exempt from the payment of the debt renders the property liable for appellant's debt, or that any part of its proceeds should be subjected to the payment of it. Had the statute of limitation been pleaded it would have been an available defense to the alleged fraudulent act in having the property conveyed to the wife.

The judgment is affirmed.