CASE 72—ACTION TO RECOVER LAND—DEC. 13.

# Curtis v. Helton.

109    493
125    634

APPEAL FROM MONTGOMERY CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

HOMESTEAD—PURCHASE WITH PENSION MONEY.

Held:    Land is not exempt as a homestead from the payment of a debt contracted before its purchase, though the land was paid for with a check for pension money which was exempt.

B. F. DAY & SON, FOR APPELLANT.

It is conceded that the land sold was occupied by appellant and his family as a homestead, and was worth less than $1,000, and was bought after the creation of appellee's debt, and was paid for with a check for pension money, which check had not been cashed.

If a person can exchange one homestead for another, or if he can sell and re-invest, then why not take any money or property he has that is *not subject to the debt*, and invest it in a home? Ky. Stats., sec. 1702; Brane v. Craig, 12 Bush, 404; Pribble v. Hall, 13 Bush, 61; McDonald v. Lowry, 20 Ky. Law Rep., 1939; Cooper v. Arnett, 95 Ky., 603; Leer v. Totten, 14 Bush, 101; Carter v. Liles, 5 Ky. Law Rep., 690; Musgrove v. Parish, 10 Ky. Law Rep., 998.

A. T. WOOD, ATTORNEY FOR APPELLANT.

The appellant pleads that he was a volunteer soldier in the Federal Army; that he was granted a pension, and a check

therefor was sent to him for less than $1,000, and without converting said check into money he exchanged it for the land in controversy and took the deed to himself and occupied it as a homestead for himself and family. Having paid for the land with means which could not have been subjected to the payment of his debts previously contracted the land can not be subjected. Ky. Stats., sec. 1689; McGhee v. Sutherland, 84 Ky., 1981; Phelps v. Jones, 91 Ky., 244; Robion v. Walker, 5 Ky. Law Rep., 799; Coakley v. Underwood, 13 Ky. Law Rep., 654; Johnson v. Elkins, 90 Ky., 163; Sims, &c. v. Walsham, 9 Ky. Law Rep., 912.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

Certain creditors of the appellant, Curtis, obtained judgments and caused executions to issue thereon, which were levied on 20 acres of land as the property of said Curtis, and the same was purchased by the appellee under sale made by virtue of said execution; and afterwards instituted the proceeding to obtain possession of said land. The appellant made defense by answer; the substance of which is that he is a *bona fide* housekeeper, with a family, and was residing upon said land at the time the judgments were rendered and sale made, and that said land was worth less than $1,000, and claimed that it was exempt from execution. The answer further shows that he received a pension amounting to less than $1,000 for services as a volunteer soldier in the service of the United States, that a pension check therefor was issued to him, and that by the laws of the United States and of Kentucky the same was in no way subject to the payment of debts, and was exempt from attachment, distress or execution. It is further alleged that, without converting said check into money, he exchanged the same for the land in controversy, and that said land is worth less than $1,000, and that he paid no other sum except the pension check therefor, and that he owned no other land except the land in contro-

versy.  The court sustained the demurrer of the appellee to said answer, and, the appellant failing to plead further, judgment was rendered in favor of the appellee, and from that judgment this appeal is prosecuted.

The contention of appellant is that the pension check or money could, in no event, be subjected to the payment of the debt in question, and therefore he had a right to invest it in a homestead, which was in like manner exempt from seizure and sale.  It is certain that the pension check could not have been subjected to the payment of the debt in question.  We are referred by appellant to various decisions of this court holding that a party may sell his homestead, and invest the proceeds in another homestead, which will remain exempt from execution.  We are also referred to decisions sustaining the right of the owner of a homestead to make any disposition thereof that he desires to.  For instance, he may make a voluntary conveyance of same, or he may convey it to a creditor with a view to prefer such creditor to other creditors, and no such conveyance can be successfully attacked, or set aside, or subjected to the payment of any debt.  See Brame v. Craig, 12 Bush, 404; Pribble v. Hall, 13 Bush, 61; Cooper v Arnett, 95 Ky., 603; (26 S. W., 811); Lear v. Totten, 14 Bush, 101, and Musgrave v. Parish, (Ky.) (11 S. W., 464). It is insisted for appellant that the same principle should be applied to the investment or reinvestment of the pension in question, it being contended that the reasoning of the decisions, *supra*, should apply to the investment of the pension aforesaid; the contention being that the reason for the doctrine announced in the decision *supra* is that, the homestead being exempt from execution, no creditor has a right to complain of any disposition that the owner may make of the homestead; that no creditor could look to the

homestead for the payment of his debt, and hence could not be prejudiced by the disposition made of it; and that, the law being the same as to a pension, the same doctrine should be applied to the disposition made thereof. We have carefully considered the argument of appellant, and concede that there is much force in his reasoning. But this court has expressly decided the question. There is no claim in this case that the debt originally sued on was created after the purchase of the homestead, and the sole question is whether the land is exempt from execution because purchased with a pension check, which is confessedly beyond the reach of creditors. This court, in Johnson v. Elkins, 90 Ky., 163, (13 S. W., 448); (8 L. R. A., 552,) considered and decided the identical question involved in the case at bar. The court said: "It appears that the land was paid for with pension money of the debtor, drawn from the United States Government. The money itself never came to his hands. The check for it did, and was indorsed by him to one Hoover, who, for the debtor, drew the money upon it, and out of it paid Noe for the land. It is now claimed that the money, when paid to Noe, was in the course of transmission to the pensioner, and being, therefore, exempt from seizure for the debts of the pensioner by the United States statute, it was no fraud upon his creditor to invest it in the land and have the deed taken to the wife. Section 4747 of the Revised Statutes of the United States provides: 'No sum of money due, or to become due, to any pensioner shall be liable to attachment, levy or seizure by or under any legal or equitable process whatever, whether the sum remains with the pension office, or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of

Curtis v. Helton.

such pensioner.' It has been repeatedly decided by this court that, after the money reaches the hands of the pensioner, it is no longer exempt. Robion v. Walker, 82 Ky., 60; Hudspeth v. Harrison, 6 Ky. Law Rep., 304. In the last-named case it was held that the fact that the land was purchased with pension money did not exempt it from liability for the pensioner's debts. In the case of Sims v. Walsham (Ky.), (7 S. W., 557), the money itself did not come to the hands of the pensioner, but a check did, and he transferred it to another person, with directions to draw the money, and pay it to his sons, to be, and which was, used by them in paying for land, which was conveyed to them. It was held that the land so held by them by voluntary conveyance was liable for the pensioner's debt. These cases are decisive of this one, so far as this question is concerned." This decision and the other decisions therein referred to are conclusive as to the question in the case at bar. It might be well for the general Government or the State to provide by law that a pensioner might invest a pension in a homestead, to be exempt to the same extent as the pension check is exempt. But, until such a law is enacted, we must declare the law as it now exists. Under the authorities before quoted, the land in contest must be held subject to seizure and sale under execution for debt existing before the purchase. It may be proper to remark that a homestead is entirely a creature of statute law, and the statute giving a homestead provides, in effect, that the land purchased after creation of a debt shall be subject to seizure and sale in satisfaction thereof. Judgment affirmed.