CASE 70.—ACTION BY J. F. NICHOLSON'S TRUSTEE AGAINST J. F. NICHOLSON AND OTHERS TO SET ASIDE A FRAUDULENT CONVEYANCE.—May 8.

## Nicholson's Trustee v. Nicholson, &c.

Appeal from Graves Circuit Court.

R. J. BUGG, Circuit Judge.

Judgment for defendants.    Plaintiff appeals. Affirmed.

Exemptions—Proceeds of Exempt Property—Property Purchased with Exempt Money—Ky. Stats., 1903, section 1697, exempts from execution sufficient provisions to sustain the family for one year, or, if not on hand, other personal property, wages, money, or growing crop, not to exceed a certain amount in value, for each member of the family. Section 1702 exempts from coercive sale at the instance of an unsecured creditor the homestead of the value of a sum named, but provides that the exemption shall not apply if the debt existed prior to the purchase of the land. Held, that where a debtor paid on the

price of the homestead money which was exempt, because he did not have sufficient provisions to maintain his family for one year, the exemption followed the money into the homestead.

W. J. WEBB, OLIVER & OLIVER, for appellant.

### POINTS AND AUTHORITIES.

1. The appellee had no right of homestead exemptions in the land sought to be subjected because he paid the consideration therefor after the creation of the debts scheduled.    (Ky. Stats., section 1702.)

2. The property not being specifically exempt that was invested in the real estate did not create an exempted homestead.    (Lear v Totten, 14 Bush, 105; Wallace v. Mason and wife, 100 Ky., 560; Dickinson v. Johnson, 110 Ky., 23.)

J. P. EVERS for appellees

We submit that the policy of the law, regulating exemptions, is such that it throws the mantle of charity and protection around the weak and prevents them by the law of exemptions, so far as it can, from becoming charges upon the commonwealth, and to this extent it seems to us that Judge Paynter's construction of this section in the Mason v. Wallace case, is just and humane and in keeping with the spirit and letter of the law.    (Ky Statutes, secs. 1697-8 and 1702; Mason v. Wallace, 18 Ky. Law Rep., 935.)

OPINION OF THE COURT BY JOHN D. CARROLL, COM-MISSIONER—Affirming.

In 1903 appellee was adjudged a bankrupt, and appellant appointed his trustees in bankruptcy. Soon after his appointment he brought this suit, attacking as fraudulent a conveyance made in 1901 to the wife of appellee, alleging that $400 of the purchase money of $600 was paid by appellee, who procured the deed made to the wife with the intent to defraud his creditors. The bankrupt's debts were created prior to the purchase and conveyance of the land to the wife.

The evidence establishes that during the years 1901-1904, inclusive, Nicholson was a housekeeper with a family, resident in this commonwealth, consisting of his wife and eight infant children. Section 1697 of the Kentucky Statutes of 1903 provides, in part, that: ''The following property of persons with a family resident in this commonwealth, shall be exempt from execution, attachment, distress or fee bill,  *   *   * also sufficient provisions, including bread stuffs and animal food to sustain the family for one year; if not on hand, other personal property, wages, money or growing crop not to exceed forty dollars in value for each member of the family; provender suitable for live stock, if there be any such stock, not to exceed seventy dollars in value; and if such provender be not on hand, such other property as shall not exceed such sum in value.'' Section 1702, Ky. Stats., 1903, exempts from coercive sale at the instance of an unsecured creditor the homestead of the value of $1,000 of debtors who are actually bona fide housekeepers with a family, resident in this commonwealth; but this exemption does not apply, if the debt or liability existed prior to the purchase of the land or the erection of the improvements thereon.

Appellee admits that in 1901 he paid on the purchase price of this lot $100, in 1902 $100, and in 1903 $200. During each of those years, appellee did not have on hand sufficient provision, including bread stuffs and animal food, to sustain his family for one year, and under section 1697, supra, was entitled to have set apart, out of other personal property, wages, money, or growing crop $40 in value for each member of his family, or, $400, each year, that was exempt from coercive sale by his creditors. It is his contention that, being entitled each year under the exemp-

tion laws to the amount of money paid by him on the purchase price of the land, his creditors cannot complain that he invested his exemptions in a homestead or subjected it to the payment of their debts, although they were created prior to its purchase. For appellants it is said that, admitting that appellee during the years named was entitled to the amount claimed by him exempt from his creditors, when he converted it into land, the land was subject to the payment of debts created prior to its purchase. It will therefore be seen that the only question involved is whether or not a debtor can take the money or property he is entitled to hold as personal exemptions, and convert it into a homestead that will also become exempt from the payment of his debts, upon the ground that, as the money or property with which it was purchased was exempt, it follows that the land will also be. At the times the appellee paid the purchase money for the land, his creditors could not have subjected any part of it to the payment of their debts. He had the right, so far as they were concerned, to make any disposition of it he pleased. It is not fraudulent for a debtor to dispose of money or property that cannot be subjected to the payment of his debts. Creditors can only complain when the debtor has placed, or has attempted to place, beyond their reach, money or property they might seize under the processes of the law. From these conclusions, it necessarily follows that appellee had the right to invest in a homestead the money he was entitled to hold under the exemption laws. Nor is it material from what source this money was derived. The issue as to whether the disposition of it is fraudulent or not, so far as creditors are concerned, is to be determined by the fact whether or not it was exempt. It

is true that under the statute the money paid out by appellee was only allowed him because he did not have sufficient provisions to maintain his family for one year, and he was only entitled to it to supply the deficiency in the provisions he was entitled to under the exemption law. But we do not consider this fact at all material. It is sufficient to know that under the exemption law he was entitled to hold the money paid for the land. How or under what particular clause of the statute he was entitled to it does not affect the consideration of the question or the conclusion arrived at.

In Wallace v. Mason, 38 S. W. 887, 18 Ky. Law Rep. 935, 100 Ky. 560, this court said: "If a debtor owns just such personal property as the law exempts from the payment of his debts, why should he not be permitted to sell it and invest it in land, occupy it with his family, and hold it as a homestead exempt from the payment of his debts? Where is the difference in principle between the case where the proceeds of exempt realty and those of exempt personalty are invested in a homestead? The creditor is injured no more in the one than the other case." The opinions of this court, holding that, although pension money before it reaches the pensioner cannot be subjected to the payment of the pensioner's debts, yet, if he invests it in land, the land may be subjected, have no application to the question presented in the case before us, because the United States statute only exempts pension money from coercive process by the creditor before it reached the pensioner. When it comes into his hands, it is then liable to his debts, whether he invests it in land or not. Johnson v. Elkin, 13 S. W. 448, 11 Ky. Law Rep. 967, 90 Ky. 163, 8 L. R. A. 552; Curtis v. Helton, 59 S. W. 745,

109 Ky. 493, 95 Am. St. Rep. 388, 22 Ky. Law Rep. 1056.

The judgment of the lower court, holding that the land could not be subjected, is affirmed