## Parsons, et al. v. Dills, et al.

(Decided June 9, 1914.).

### Appeal from Pike Circuit Court.

1. Judgment—Conformity to Pleadings.—In an action involving the title to land, it was error to adjudge parties to be the owners of land which they did not claim.
2. Judicial Sales—Process—Execution by Other Than Officer Designated—Civil Code, Section 667.—A jailer has no authority to sell land under an execution issued to the sheriff, and a deed made pursuant thereto is void.

3.  Judicial Sales—Commissioner's Deed—Not Examined or Approved by Court.—A commissioner's deed which does not contain the endorsement or approval of the court cannot be considered as evidence of title.

4.  Adverse Possession—Extent of Possession.—Where several tracts of land, though separately described, are conveyed by the same person and embraced in the same deed, and are contiguous to each other, adverse possession of one of the tracts for the statutory period will extend to the whole.

5.  Adverse Possession—Extent of Possession.—Possession of one tract of land described in one deed is not of itself sufficient to constitute possession of another tract described in another deed as against a superior title holder.

6.  Adverse Possession—Uncertainty of Proof.—In an action involving title to lands by adverse possession, where the evidence is so uncertain and confusing that the court cannot determine with reasonable certainty the exact location of the various tenants and the precise periods of their respective holdings, and the ends of justice demand that the parties be given an opportunity to take additional proof, the case will be reversed.

STRATTON & STEPHENSON for appellants.

ROSCOE VANOVER and CHILDERS & CHILDERS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Richard Parsons died in the early seventies, a resident of Pike County, leaving surviving him a widow, Lydia Parsons, and six children, R. C. Parsons, Sarah Parsons, Polly Parsons, Nancy Parsons, Susie Parsons, and Elizabeth Parsons who afterwards married Timothy Thacker. R. C. Parsons acquired by deeds the interest of his sisters, Sarah, Polly, Nancy and Susie, in whatever lands Richard Parsons owned at the time of his death. Elizabeth Thacker, whose interest he did not acquire, died in the year 1899, leaving surviving her husband, Timothy Thacker, and five children, R. A. Thacker, James Thacker, Thomas Thacker, David Thacker and William Thacker.

Prior to his death Richard Thacker had patented several tracts of land on Red Creek. Among these patents are the following:

(1) 1,025 acre patent, with exclusions amounting to 825 acres, surveyed June 27, 1860; (2) 50 acre patent, surveyed April 27, 1843; (3) 100 acre patent, surveyed February 11, 1843; (4) 50 acre patent, surveyed February 11, 1843; (5) 50 acre patent, surveyed February

22, 1844; (6) 300 acre patent, surveyed December 9, 1850; (7) 100 acre patent, surveyed September 4, 1858; (8) 50 acre patent, surveyed September 4, 1858.

He also had a deed from William Atkins, dated November 30, 1865, conveying to him the land covered by a patent issued to David Pauley on a survey dated February 11, 1843.

On December 29, 1907, appellants, R. C. Parsons and R. A. Thacker and his brothers, filed suit against appellees, Ann Dills and John A. Dills, to recover the value of certain timber alleged to have been cut by appellees from the foregoing tracts of land, and to quiet their title thereto. Appellees controverted the allegations of the petition, and pleaded title to the land through Colonel John Dills. They also pleaded title by adverse possession.

On April 12, 1912, J. A. Dills sued R. A. Thacker and others to recover the value of certain timber cut and removed by them from the lands, and to quiet his title thereto. At the same time he sued out an attachment which was levied on certain timber cut by the Thackers.

The two actions were heard together. The Dills were adjudged to be the owners of the land described in the petition of R. C. Parsons, and their title thereto quieted. The attachment sued out in the suit of Dills v. Thacker was sustained, and the Dills given judgment against the Thackers for $33. R. C. Parsons and the Thackers appeal.

Appellants put in evidence the patents issued to their father, Richard Parsons, and covering the lands claimed by them. They also introduced the deed from William Atkins, conveying the David Pauley survey of 1843.

Appellees, Mrs. Dills and J. A. Dills, proved that she was the widow and he the son of Col. John Dills. They put in evidence the will of Col. John Dills, a deed from C. Cecil and wife to Col. Dills, dated October 3, 1887, and a deed from T. J. Owen, jailer of Pike County, to Colbert Cecil, dated March 24, 1865. These deeds cover and convey five of the Richard Parsons patents, above referred to. The deed made by the jailer was made pursuant to an execution issued in the case of Cecil v. Parsons and Atkins in an action pending in the Pike Circuit Court.

Defendants also introduced in evidence a commissioner's deed made pursuant to a judgment entered in

the equitable action of Dills and Hampton v. William Atkins and others, pending in the Pike Circuit Court. This deed conveys several other tracts, but the only one claimed by appellants is the D. Pauley 50 acre patent conveyed to R. C. Parsons by Atkins in 1865. The approval of the circuit judge is not endorsed on the deed.

Appellees also introduced several witnesses who testified that appellees had had tenants on the land in controversy for more than 15 years.

As before stated, the judgment in this case quieted the title of appellees to all the lands claimed by appellants, including the 1025 acre patent of 1860. This patent covers certain tracts of land not covered by prior patents. Appellees did not assert title to any lands claimed by appellants that were not covered by other patents. It was, therefore, error to adjudge appellees to be owners of the land which they did not claim.

Appellees did not prove a record title to the land in question. The jailer's deed to Cecil was made pursuant to an execution directed to the sheriff of the county. Section 667, Civil Code, is as follows:

"Every process in an action or proceeding shall be directed to the sheriff of the county; or if he be a party or be interested, to the coroner; or if he be interested, to the jailer; or if all these officers be interested, to any constable."

In construing this section it has been held that process can be executed only by the officer to whom it is directed. Its execution by another is a nullity. It therefore follows that the jailer had no authority to sell the land under the execution issued to the sheriff, and that the deed made pursuant thereto was void. Boaz v. Neil, 2 Metc., 245; Gowdy v. Sanders, 88 Ky., 346, 11 S. W., 82; Johnson v. Elton, 90 Ky., 163, 13 S. W., 448.

As before stated, the commissioner's deed relied on by appellees does not contain the endorsement or approval of the court. Nor did appellees introduce any order in the case showing that the deed had been examined and approved by the court. Under the circumstances, the deed cannot be considered as evidence of title. Helton v. Belcher, 114 Ky., 172; Kentucky Coal Lands Co. v. Smith 149 Ky., 794. On the return of the case the appellees will be permitted, if they can, to show by the orders in the case that the deed was, as a matter of fact, examined and approved by the court.

Appellants further contend that the proof of adverse possession is altogether insufficient. This contention is based on the assumption . that where a deed conveys several tracts by separate descriptions, and not by one complete boundary, possession of one of the tracts for the statutory period is not a possession of the other tracts embraced in the deed. For this position there is respectable authority. Vol. 1, R. C. L., Adverse Posses-. sion, Sec. 45; Hornblower v. Blanton, 103 Maine, 375, 125 Am. St. R., 300; Carson v. Bennett, 18 N. C., 546, 30 A. D., 143; Loftus v. Cobb, 46 N. C., 406, 62 A. D., 173. However, in this State, where because of peculiar conditions the plea of adverse possession is regarded with more favor, that rule does not prevail. The deed, though invalid, is evidence of the extent of possession. Where, therefore, the tracts, though separately described, are conveyed by the same person and embraced in the same deed, and are contiguous to each other, adverse possession of one of the tracts for the statutory period will extend to the whole. The owner or tenant holding under him may also move from one tract to another described in the particular deed, and the different periods of possession, just so they be continuous and aggregate 15 years, will constitute adverse possession of all the tracts described in the deed.

On the other hand, possession of one tract described in one deed is not of itself sufficient to constitute possession of another tract described in another deed as against a superior title holder.

It also appears that appellees have good record title to certain other tracts of land adjoining those in dispute. For the same reason their possession of these tracts cannot be regarded as possession of the tracts in dispute.

In the light of the foregoing principles, we have carefully considered the evidence of adverse possession in this case It is made up of different periods of possession by different tenants on different tracts of land. We cannot say with reasonable certainty exactly how long these tenants remained on the particular tracts of land on which they resided, whether or not these tracts were embraced in the jailer's deed or in the commissioner's deed, or whether or not they were included in the various other patents which appellees owned. In view of this uncertainty, we are unwilling at this time

to enter a final judgment disposing of the case on its merits, but conclude that the ends of justice demand that the parties be given an opportunity to take additional proof for the purpose of making clearer the exact location of appellees' tenants and the precise periods of their respective holdings.

No other questions are passed on.

Judgment reversed and cause remanded for proceedings consistent with this opinion.