**PHILLIPS et al. v. ALMA COAL CO. et al.**

(Circuit Court of Appeals, Sixth Circuit. June 10, 1925.)

No. 4254.

1. Injunction &#9758;35(1)—Quieting title &#9758;22 —Legal title essential to sustain suit.

In either a suit to quiet title, under Ky. St. § 11, or an action to enjoin trespass, under section 2361, the plaintiff cannot recover on his own good faith and the bad faith of defendant, but only on proof of the legal title.

2. Adverse possession &#9758;44 — Continuity of possession is essential to transfer of title.

Continuity of possession is as essential to the transfer of title by prescription as adverseness of possession.

3. Adverse possession &#9758;19—Adverse possession does not continue beyond the period of occupancy and use.

The inclosure of a small part of a tract of land with a wire fence, though an adverse entry affecting possession, will not continue such possession, where nothing is done toward use of the land inclosed.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit in equity by the Alma Coal Company and the Kentland Coal & Coke Company against John F. Phillips and Susan J. Phillips. Decree for complainants, and defendants appeal. Reversed.

Roscoe Vanover and A. F. Childers, both of Pikeville, Ky., for appellants.

John F. Hager, of Ashland, Ky. (Hager & Stewart and W. G. Fleu, all of Ashland, Ky., and Harman, Francis & Hobson, of Pikeville, Ky., on the brief), for appellees.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. This action in equity was brought by the Alma Coal Company and the Kentland Coal & Coke Company against John F. Phillips and Susan J. Phillips to enjoin trespass upon and to quiet title to two separate tracts of land described in the bill. The District Court adjudged title in plaintiffs, confirmed and quieted it as against defendants or any person claiming under them, and perpetually enjoined defendants from entering upon any part of the land or setting up any claim of right so to do.

The rights claimed by plaintiffs were asserted under sections 11 and 2361 of Kentucky Statutes, the first of which authorizes any person having "both the legal title and possession of lands" to institute and prosecute a suit in equity against any other person setting up claim thereto; the second confers upon the owner of land not in its actual possession the right to institute and prosecute an action to restrain trespass on it.

The judgment appealed from rests on two grounds: First, that defendants acquired

possession under plaintiffs' claim of title and are estopped to deny it; second, plaintiffs and their predecessors had held the land continuously and adversely since 1890 under color of title, and therefore had perfected their claim by adverse possession.

If an entry was made by defendants pursuant to a contract with plaintiffs and in recognition of their title, it would undoubtedly, in the absence of subsequent effective disclaimers, operate as an estoppel against the claim of defendants and also inure to plaintiffs. We cannot, however, agree that defendants made such an entry. They owned some adjacent land, and in 1912 extended their inclosure to a part of the land in dispute. But their lines were not definitely known, and it does not appear that the slight extension was accompanied by a claim of right or ownership in themselves beyond the inclosure or to that through plaintiffs. They had entered into a contract with plaintiffs for the surface rights in 1910, but in the suit to enforce that agreement, brought in 1911 and concluded in 1914, they denied plaintiffs' claim of ownership. In our opinion the evidence does not authorize the inference that they acquired possession under contract with or otherwise through plaintiffs.

[1] While there is no merit whatever in defendants' claim of title, it is none the less true that plaintiffs' right to recover depends not on the good faith of their claim as compared with that of defendants, but upon the validity of their title. Engle v. Bond Foley Lumber Co., 173 Ky. 35, 189 S. W. 1146; Dick v. Foraker, 155 U. S. 404, 15 S. Ct. 124, 39 L. Ed. 201. They believed in 1910 that they had unimpeachable title, and after discovering that they did not acquired the rights of certain parties, who claimed under the Atkins patent issued October 7, 1882. They relied on that patent in bringing this action, alleging, as required under the statutes, that they owned the land, and on the hearing they introduced documents showing chain of title, with some defects that need not be mentioned, back to the Atkins patent. Good faith on their part and defendants' lack of it abound in the record.

But that is not enough. Their asserted rights could emanate alone from title. It cannot be traced from the Atkins patent, for that is within the older patent to John Henry and Alexander Smith of August 20, 1796. It is doubtful that the Atkins patent, if correctly located, would include one of the tracts or more than a small part of the other. But, apart from that consideration, and assuming it to have been correctly located by the survey of 1910, it is nevertheless void, because embraced in the Smith patent of 1796. Section 4704, Kentucky Statutes. Its only efficacy was to confer color of title, and its sole function in that respect was to define the possession acquired by any adverse entry made under it.

The lower court recognized the invalidity of the Atkins patent, but held that inasmuch as the deed from Cline to Thomas of October 10, 1890, which is in the chain of plaintiffs' claim, conveyed, not only the two tracts in controversy, but also a third, adjoining one of them, an adverse entry made on the third tract would extend the possession under Trimble v. Smith, 4 Bibb (Ky.) 257, and Parsons v. Dills, 159 Ky. 471, 167 S. W. 415, to all the land embraced in the deed within the interlap with the Smith patent, and, further, that such an entry was made in 1890, under which possession continued until it ripened into title. Reference is also made in the opinion to the inclosure of two or three acres not earlier than 1913 on the third tract. If this could be regarded as a constructive possession to the exterior lines of the three tracts, continuing without interruption until 1918, there still would be no investiture of title under the 15-year statute of limitation.

[2] It is in evidence that the surveyor who located the Atkins patent in 1910 found on the third tract, known as the Auxier tract, an old rail fence inclosing about one-half acre of land. In his opinion the fence was 35 or 40 years old. This is said by plaintiffs to have been an adverse entry on the Smith patent under the deed from Cline to Thomas and tantamount in law to taking possession of all the land embraced in that deed, including the two tracts in dispute. We find nothing in the record showing who placed the rail fence on the land, whether it was done by Cline or Thomas, or any one claiming through them, or under what authority or claim, if any, it was done. The inclosure had been abandoned for years. As to whether it was ever used or claimed as a matter of right, and, if so, how long, there is nothing in the evidence. In this state of the record it cannot be presumed that the inclosure was an entry made under the deed of 1890 or under any other deed or color of title with like lines or boundaries. Nor is it to be presumed that possession

.thereunder continued for any length of time. Continuity of possession is just as essential. to effect a transfer of title as adverseness. Neither was shown. It follows that the decree adjudging plaintiffs to be the owners of the land and confirming their title is erroneous.

The judgment was also wrong in enjoining defendants from entering upon any part of the land, for, as we have seen, the right to the relief asked and granted depended on the validity of plaintiffs' title. But even if it could be said that this branch of the judgment is controlled by the Kentucky rule that one in possession of land, though not having title to it, may enjoin a trespass, our conclusion could not be different. Plaintiffs did not acquire possession by reason of the fence found in 1910. The only other evidence on that point is that in 1913, certainly not later than 1916, the Kentland Coal & Coke Company inclosed with wire two or three additional acres and connected it with the old fence. This inclosure was not on either of the tracts in controversy, but was on a tract included in the deed of 1890 under which plaintiffs claim. Was this act such an entry as extended the possession to other tracts within the deed, and did it continue until this suit was instituted in February, 1918?

[3] The first inquiry may be passed without discussion. The second, in our opinion, must be answered in the negative. Nothing was done by the plaintiffs for two years after putting up the wire. The fencing of two or three acres may be assumed to be an adverse entry effecting possession. But that act of itself will not prolong the possession indefinitely or even for two years. It was incumbent upon the Coal Company to do something else if it desired to continue the possession that it had acquired. To hold possession of land one must do those things that are ordinarily incident to its uses in connection with the right claimed. It has been held in Kentucky that the building of a cabin, the cultivating of a garden or a small crop, and the doing of other intermittent acts do not of themselves continue the possession beyond the period of occupancy and use. Wickliffe v. Ensor, 9 B. Mon. (Ky.) 253; Smith v. Chapman, 160 Ky. 400, 169 S. W. 834; Frazier v. Ison, 161 Ky. 379, 170 S. W. 977. Clearly the stringing of the wires in 1916 did not retain the possession thus effected until 1918, when this suit was instituted.

The judgment is reversed.