# Elliott v. Argenbright.

(Decided November 15, 1927.)

## Appeal from Rockcastle Circuit Court.

1. Exemptions.—Where debt for which execution was issued had been created before debtor became owner of house and lot, but house and lot were paid for out of wages which were exempt to debtor, such house and lot were not subject to levy and sale under execution, while owned and occupied by debtor as homestead.

2. Homestead is not abandoned, as long as owner thereof, although absent therefrom, has an ever-present intention to return to it and occupy it as homestead.

3. Homestead.—Where evidence left mind in doubt as to whether debtor, who had gone with his family to another state and engaged in restaurant business, had an ever-present intention of returning to his property to occupy it as homestead, court's finding that debtor had abandoned property as homestead was not erroneous.

J. S. CARROLL, B. J. BETHURUM and H. J. McCLURE for appellant.

C. C. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The sole question for consideration on this appeal is whether the appellant may claim a certain house and lot as exempted from levy and sale under execution in favor of appellee. The debt for which the execution was issued had been created before appellant became the owner of the house and lot. He could not claim exemption as a homestead against a pre-existing debt at the time he acquired the homestead, unless he purchased the property with money or other property which was exempt to him from execution or attachment under the law. It is his defense that he paid for the house and lot out of wages which were exempt to him. This is substantially true. The house and lot were not subject to levy and sale under the execution, if they were owned and occupied by the appellant as a homestead. Wallace v. Mason & Wife, 100 Ky. 560, 38 S. W. 887, 18 Ky. Law Rep. 935; Nicholson's Trustee v. Nicholson, etc., 125 Ky. 629, 101 S. W. 985, 31 Ky. Law Rep. 217, 128 Am. St. Rep. 263; Vanhook v. Robinson, 31 Ky. Law Rep. 1347, 105 S. W. 129; Aultman & Taylor Machinery Co. v. Smith (Ky.) 119 S. W. 1178.

This does not mean that the property is exempt from execution because it was purchased with money or

property which was exempt from execution or attachment; but it means that it is exempt from execution, the basis of which was a pre-existing debt, at the time the property was acquired, as long as it is used or occupied as a homestead.

The appellee contends that appellant has abandoned the property as a homestead, and for that reason it was subject to the debt on which the execution was issued. The lower court sustained this contention of appellee, and entered judgment in his favor, awarding to him possession of the property which he had purchased at the execution sale. There is a stipulation in the record wherein it is agreed that the evidence of R. W. Elliott, the appellant, as to whether he had abandoned the property as a homestead, shall constitute the entire evidence on that point in the case. We have read the evidence of appellant, and we find that it is a question of very grave doubt as to whether he has abandoned the property as a homestead. He left Kentucky and went to Virginia, where he engaged in the business of running a restaurant. His family resides with him in Virginia. He had been away for 13 months at the time of the trial in the lower court. He testified that he claimed the property as his homestead, and that it was his purpose to return to it; but he did not know whether he would return in 1 year or 10 years.

Many things enter into the determination of whether a homestead has been abandoned, and this court has said that each case must stand on its own bottom. There is no hard and fast rule, and it appears there could be none. It has been often said by this court that a homestead is not abandoned as long as the owner thereof, although absent therefrom, has an ever-present intention to return to it and occupy it as a homestead. The principles governing such questions are well stated in the case of Clay's Committee v. Washington, 183 Ky. 756, 210 S. W. 484, and the authorities cited therein. The case of Conway v. Reed, 193 Ky. 287, 235 S. W. 747, is another well-considered case on the same question.

The evidence in this case leaves the mind in doubt as to whether appellant has an ever-present intention of returning to his property and occupying it as a homestead. The lower court found that he did not have such an intention, and we cannot say on this record that his finding was erroneous.

Judgment affirmed.