## Forsythe v. Morgantown Deposit Bank.

(Decided Feb. 6, 1934.)

WILLIS & HINES for appellant.
E. N. MAYHUGH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Morgantown Deposit Bank brought this suit against R. D. Forsythe and wife to recover on a note for $1,494.65, which was secured by a mortgage on two tracts of land known as "the Fisher and J. D. Embry land." In the same action it sought a recovery on a note for $1,300, which was secured by a lien on 174 acres

of land which Forsythe had bought from C. N. B. Carroll and others. On the second note it sued out an attachment, which was levied on the Fisher and J. D. Embry land. As against this note, Forsythe asserted a homestead in the mortgaged land to the extent of its value above the mortgage debt. On final hearing the court denied his claim, ordered a sale of the mortgaged land, and directed that the proceeds in excess of the mortgage debt be applied to the deficiency in the sale of the C. N. B. Carroll tract of 174 acres.

The only question to be determined is whether the claim of homestead was properly denied. On this question appellant was the sole witness. According to his evidence, he is a citizen of Kentucky and a bona fide housekeeper with a family. Besides the mortgaged land he had owned other tracts of land, some of which he had sold. He had never lived on the mortgaged land, but had always claimed a homestead therein. George Phelps had lived on the Fisher property ever since he owned it, with the exception of the first year. He lived with his wife in Morgantown in a home which, in consideration of $1, he had conveyed to her in the year 1925. The mortgaged land was from 2 to 2½ miles from his wife's home. On being asked if he claimed a homestead in the mortgaged property, he replied, "Kept stock there. I used corn and things hauled in here, fed it, used it as homestead."

This is not a case where the owner of two tracts of land, worth less than $1,000, occupies one of them and uses the other in connection therewith, and as a part of his homestead, Farmer et al. v. Hampton, 154 Ky. 83, 156 S. W. 1041; nor is it a case where the claimant once occupied the land as a home and left the land temporarily, with the fixed intention to return and occupy it as a homestead. Elliott v. Argenbright, 221 Ky. 763, 299 S. W. 957. Appellant and his wife never occupied the farm as a home. He lived on his wife's property and merely kept stock on the farm and used a part of the produce therefrom. During the life of his wife a husband has no right to a homestead in her land, and may not unite her homestead hypothetically with his land to give it a character it does not of itself possess. The rule that the husband has a homestead in other land, although the habitation is on his wife's land, is confined to cases where the two farms are practically

one and so cultivated and used as to constitute in contemplation of the statute the family homestead. A husband living with his wife on her property is not entitled to a homestead in a distant farm not occupied as a homestead, and used by him purely as an investment or source of income. Covington Bros. v. Byrns, 230 Ky. 66, 18 S. W. (2d) 870.

It follows that the judgment of the chancellor was correct.

Judgment affirmed.