**FORD MOTOR COMPANY and Fordson Coal Company, Appellants,**

v.

**Reuben COLLETT, Charlie Collett and Noah Whitehead, Appellees.**

Court of Appeals of Kentucky.

June 21, 1957.

E. B. Wilson, Pineville, for appellants.

C. K. Calvert, Pineville, W. C. Hoskins, Hyden, for appellees.

CULLEN, Commissioner.

Under certain DeGroot patents issued in 1870, the Ford Motor Company holds a connected chain of title to a boundary of land, comprised of several adjoining tracts, in Leslie County, including the 100 acres, approximately, here in dispute. Asserting its ownership to the land, the Company brought this action against Reuben Collett and others, seeking damages for trespass and timber cutting, and an adjudication that it held title to all the land within its boundary. Collett, who was the active defendant, set up claim of ownership to 100 acres within the boundary under a patent of 1840, No. 6563, issued to his alleged remote grantor, Asa Gilbert.

After hearing the evidence, the trial judge found that the Gilbert patent was properly located by one of Collett's surveyors, and being senior to the DeGroot patents, would prevail over the title of the Company; however the judge further found that Collett had not shown title derived from the senior Gilbert patent. The Company's petition was dismissed, but it was adjudged owner by actual, adverse possession of some 16 acres in the northwest corner of the Gilbert patent as located. The Company is appealing on the grounds that the evidence relied upon by Collett was so indefinite that the Gilbert patent could not be located with any degree of certainty, and that even if correctly located, the Company had acquired title to all of the land embraced in the Gilbert patent by adverse possession.

It is unnecessary to decide whether the trial judge's location of the Gilbert patent was correct, since under the view we take of the case, the Company obtained title to the land by adverse possession. The Company acquired a group of DeGroot patents covering all of the land in controversy, under a single deed giving it at least color of title to the entire boundary embraced in the deed. The Company entered into actual possession of a portion of the land described in its deed and within the area bounded by the Gilbert patent. It continued such possession claiming all the land within the boundary of its DeGroot patents for a period in excess of 15 years before the institution of this action.

It was stated in Parsons v. Dills, 159 Ky. 471, 167 S.W. 415, 416, that,

"Where * * * the tracts, though separately described, are conveyed by the same person and embraced in the same deed, and are contiguous to each other, adverse possession of one of the tracts for the statutory period will extend to the whole."

See also United States Trust Co. v. Frakes, 282 Ky. 683, 139 S.W.2d 759. Since no one was in possession under the Gilbert

patent, the entry of the Company under color of title, coupled with its continuous actual occupancy and cultivation of part of its boundary, while claiming to the limits of its deed, constituted possession of the entire boundary. This possession having continued for more than 15 years, the Company acquired title through adverse possession.

The judgment is reversed with directions to enter a judgment in conformity with this opinion.